# Girard Fire and Marine Insurance Company *versus* Hebard & Forsman.

95          45
e 20 SC ¹542

1. A policy of insurance required that before the property covered by the policy should be transferred or conveyed or the policy assigned, the consent of the company endorsed thereon in writing should be obtained : *Held,* that if said condition was not complied with the policy fell. A mere notice of the transfer was not sufficient, nor was it necessary for the company to give notice of its disapproval.

2. The court below held that upon receiving notice of the assignment the company had the right to disapprove it and declare the policy forfeited, and if they did this it was their duty to notify the insured of their action in this respect, and further that if the company failed to give notice to the insured of their disapproval of the transfer and of cancelling the policy these omissions were evidence of waiver of the condition of the policy : *Held,* to be error.

3. A waiver to be effective must be intentional, and such intention cannot be predicated upon acts such as a refusal to consent to the transfer, and an immediate notice of said refusal to the persons from whom the application for consent was received.

4. A clause in a policy provided, " or if the property be sold or transferred or any change takes place in the title or possession, * * * by voluntary transfer or conveyance, * * * or if the interest of the insured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, be not truly stated," &c. : *Held,* that the word " property" applied both to real and personal property.

May 31st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. · PAXSON, J., absent.

Error to the Court of Common Pleas of *Lycoming county :* Of May Term 1880, No. 133.

Assumpsit by Charles Hebard, Robert M. Forsman and Dexter Smith, trading as Hebard, Forsman & Smith, for the use of

[Girard F. & M. Ins. Co. *v.* Hebard.]

Charles Hebard and Dexter Smith, trading as Hebard & Smith, against the Girard Fire and Marine Insurance Company upon a policy of insurance.

The defendant pleaded non assumpsit, payment, payment with leave and set off.

The facts set forth in the opinion of this court, together with the following points and portions of the charge, sufficiently state the case.

The plaintiffs submitted the following points, to which are subjoined the answers of the court, Cummin, P. J.:

2. That even if such an assignment and the consent or ratification of the company thereto were necessary under the terms of the policy, it is a question of fact for the jury, under all the evidence in the cause, whether or not the company after notice of the change in the ownership of the property, waived that condition in the policy; and if they did so waive it, said change of ownership is no défence in this action.

Ans. "This point we answer in the affirmative. We think that is the law, and it is for you to decide that question." (Sixth assignment of error.)

4. That the acts of the company in not objecting to the change of ownership, and failing to give any notice of disapproval of the same, and the marking of the policy cancelled and not making any objection in the letters given in evidence to the carrying of the risk on account of the change in the ownership, are evidences of a waiver in the conditions of the policy.

Ans. "We say that these are matters for your consideration. The point we therefore affirm. What weight they are to have is for you to determine." (Seventh assignment.)

5. That the failure of the company to respond to the letter of May 9th 1876, notifying them of the loss, was prejudicial to the interests of the insured, unless the policy is valid, and is a proper circumstance to be considered by the jury.

Ans. "This point, like the one preceding, is a matter for your consideration. What weight it shall have is for you to determine." (Eighth assignment.)

The defendant requested the court to charge "that upon the whole of the evidence the plaintiffs are not entitled to recover," which the court refused. (Fifth assignment.)

In the general charge the court, inter alia, said:

"It became necessary, therefore, under the terms of this contract, that the company insurers should have notice of this change in the ownership of the property insured, that they might say whether or not they would consent to continue this policy to the benefit of the new firm. To this end the assignment was endorsed upon the policy, and it was sent to the company. When they received this policy and had knowledge of the acts and desires of

[Girard F. & M. Ins. Co. *v.* Hebard.]

the insured, it was their duty then to act upon it, and we think under these clauses of the policy that they could, if they chose, have declared the policy forfeited and void. They could have refused to approve the assignment, and for that reason could have declared it void and forfeited. The matter was one for them to act upon. If they had approved the assignment it cannot be doubted that the plaintiffs would be entitled to recover. Did they disapprove of it, or did they declare the policy forfeited and void for any cause? If they did, it was their duty to notify the insured of their election in this respect. This, perhaps, may be the first question that you will have to consider. Now, nothing of this kind appears to be in the endorsement upon the policy. There is no mark here of disapproval, nor is there any mark of its being declared forfeited or void. * * * If they have not done so, then the next question for you to consider will be whether or not they have waived their right to declare it forfeited. This is the next question which you will have to decide, and which, perhaps, is the main question in the cause, and will be probably more particularly stated by us when we come to answer the points which have been submitted by counsel. We may here say, however, that we think the company could waive their right to declare this policy forfeited for the cause assigned. Whether they did or not waive this right will be for you to decide.

"If you should find in the case that the company did not disapprove of this assignment, and for that or any other reason declared the policy forfeited, and that they have by their acts or their words or their silence waived their rights in this respect, then the next matter for you to consider will be the question of cancellation."

The above portions of the charge constituted the third and fourth assignments of error.

The verdict was for the plaintiff for $2949.13, and after judgment thereon, the defendant took this writ and, inter alia, alleged that the court erred as set forth in the above assignments of error.

*W. H. Armstrong,* for plaintiff in error.—The company has the right to choose the parties with whom they will contract. The "moral risk" is one of great consequence, and one always most carefully considered. The transfer by Forsman dissolved the partnership, and Hebard & Smith were a new party, as distinct from the old as if they were entire strangers. It was not competent for these parties to impose upon the company without their consent, either new parties or a new contract or a modification of the old. The party insured had ceased to exist, and before their assignees could take their place the company must agree to accept them, and this by an affirmative act, which, by the terms of the contract, is to be evidenced in only one way—that is, in writing

[Girard F. & M. Ins. Co. *v.* Hebard.]

endorsed upon the policy and signed by the president or secretary. No mere silence or want of action can be substituted for this express provision of the contract. It was as to these parties the law of the case : Finley *v.* Lycoming Mutual Ins. Co., 6 Casey 311 ; Buckley *v.* Garrett, 11 Wright 204 ; Ins. Co. *v.* Ross, 23 Md. 179 ; Ferree *v.* Ins. Co., 17 P. F. Smith 373 ; Carpenter *v.* Ins. Co., 16 Pet. 496 ; Dix *v.* Ins. Co., 22 Ill. 272. The policy became void at the instant of the unauthorized assignment, and could not be revived by notice of any kind : Trask *v.* Ins. Co., 5 Casey 198 ; Ins. Co. *v.* Sennett, 1 Wright 208. A waiver must be intentional, and that must be shown clearly and satisfactorilv either by acts or declarations : Desilver *v.* Ins. Co., 2 Wright 134.

*H. C. Parsons, H. W. Watson* and *H. C. McCormick,* for defendants in error.—The first condition of the policy, we contend, is applicable only to real estate. A mere change of interest among partners where no stranger is introduced, and no addition made to the number of the insured, when there is no change in the condition or situation of property or risk, a mere assignment of his interest by one partner to the other, is obviously not within the principle or motives on which the condition is provided : Pierce *v.* Nashua Fire Ins. Co., 50 N. H. 297 ; West *v.* Citizens' Ins. Co., 27 Ohio 205. The decision in Finley *v.* Ins. Co., *supra,* was only intended to apply to members of mutual insurance companies, and should be so limited. In Buckley *v.* Garrett, *supra,* the risk insured was real property, and the case does not apply to personal property. But under the facts in this case the company is estopped from setting up this condition as a defence. The alleged breaches were waived by the acts and declarations of its agents. Waiver may be inferred from the acts of the insurer, or even from their denial of obligation exclusively for other reasons : Inland Ins. Co. *v.* Stauffer, 9 Casey 397. The conduct of the company misled the insured, and so operated as a waiver ; May on Ins., sect. 508 ; State Ins. Co. of Missouri *v.* Todd, 2 Norris 272. The company was bound either to endorse consent upon the policy or cancel it, and failing to do either, it will be treated as having assented thereto : Wood on Ins., p. 838 ; Ins. Co. *v.* Taylor, 23 P. F. Smith 352 ; Hadley *v.* N. H. Ins. Co., 55 N. H. 110 ; Westlake *v.* St. Lawrence, &c., Ins. Co., 14 Barb. (N. Y.) 406 ; Dayton Ins. Co. *v.* Kelly, 24 Ohio St. Rep. 345.

Mr. Justice GREEN delivered the opinion of the court, June 14th 1880.

This was an action by Hebard, Forsman & Smith, for the use of Hebard & Smith, on a policy of fire insurance for $2500, issued June 1st 1875, to expire June 1st 1876. The subject of insurance was a stock of lumber, lath, shingles and pickets at Williamsport,

Pennsylvania. On the 29th of April 1876, Forsman sold his interest in the firm to the other members, who thereafter composed the firm called Hebard & Smith. On the same day, the policy in suit was assigned by the old firm to the new, by writing of that date. The assignment was endorsed upon the policy which was then handed by Hebard to Thompson & Clinger, who had been agents of the company until March 1st 1876, to be sent to the company for the purpose of obtaining its consent to the assignment, and having the same endorsed upon the policy, and it was so sent on the same day, April 29th 1876. On May 1st 1876, the secretary of the company replied by the following letter :—

Philadelphia, May 1st 1876.

Messrs. Thompson & Clinger, Williamsport, Pa.

Gents :—Yours of the 29th ult. is at hand, enclosing policy No. 84,271, H., F. & Smith, for approval of transfer. We prefer to cancel policy, and will return the premium pro rata. Please signify your assent to this and I will send you a check for the amount.

Truly yours,

JAMES B. ALVORD, Sec'y.

There was a reply to this letter from Thompson & Clinger which was lost and not given in evidence, and on May 8th 1876, the secretary sent by mail to Thompson & Clinger a check for the return premium $4.17, which was subsequently returned. The fire occurred on the 6th of May 1876, and notice thereof was sent to the company on the 9th. They took no notice of it and refused to pay the loss.

On the trial, the company made defence on the ground that two conditions of the policy had been broken, and that it had thereby become void. They are as follows :—

Condition 1. "If the property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance, or if this policy shall be assigned before a loss without the consent of the company endorsed hereon, * * * then and in every such case this policy shall be void."

Condition 12. "No assignment of this policy shall be valid unless notice thereof be immediately given the company, and said assignment be approved by the endorsement and approval of the president or secretary prior to any loss. The company reserves the right to approve the transfer or not."

"And it is hereby mutually understood and agreed by and between this company and the assured that this policy is made and accepted in reference to the foregoing terms and conditions * * * which are declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of

14 NORRIS—4

[Girard F. & M. Ins. Co. *v.* Hebard.]

the parties hereto, * * * and that no condition, stipulation, covenant or clause hereinbefore contained, shall be altered, annulled or waived, nor any clause added to these presents except by writing endorsed hereon or annexed hereto by the president or secretary with their signatures affixed thereto." There were printed blanks on the policy, one for expressing the consent of the company to the assignment of the policy, and another for the assignment itself. The latter was filled up and signed and constituted the assignment heretofore mentioned. The other was never filled out or signed at all. In point of fact, the company did not approve of, or consent to the assignment, and of course no such consent was endorsed upon the policy.

The court below held that upon receiving notice of the assignment, the company had the right to disapprove of it and declare the policy forfeited, and " if they did this, it was their duty to notify the insured of their election in this respect." They further held, in answer to the plaintiff's fourth point, that if the company failed to give notice to the insured of their disapproval of the transfer and of cancelling the policy, these omissions were evidences of waiver of the conditions of the policy, and left the question of waiver on these grounds to the jury. In all this there was error. The express terms of the contract avoided the policy if either the property insured was transferred or the policy assigned, without the consent of the company endorsed upon the policy. It is not enough that notice of the transfer in the one case or the assignment in the other be given to the company. The contract requires that in addition to the notice, the consent of the company must be obtained and must be endorsed on the policy. The duty of procuring these things to be done rests with the assured. If he fails in his efforts or neglects to comply with the whole of the requirements, the contract is at an end by force of its own terms. The court below held that a right of forfeiture by a positive act accrued to the company after receiving notice, and that without such an act and notice of it to the insurer, the avoidance of the contract did not transpire. But such is not the agreement of the parties. In the present case there was no notice of the transfer of Forsman's interest in the firm other than as it was to be implied from the notice of the assignment of the policy. But that is not a sufficient compliance with the provisions of Condition 1. It is argued that the *property* referred to in the pertinent clause of Condition 1 is real estate. A reading of the whole text of this condition, as well as of this particular part of it, demonstrates beyond all question that in the use of the word *property*, it was intended to include any and all kinds of property, whether real or personal, which constituted the subject of insurance. It is a printed condition, and we find it in a policy insuring personal estate. It would be equally applicable to a policy on buildings. The language is carefully framed so as to refer to pro-

[Girard F. & M. Ins. Co. v. Hebard.]

perty of either class. The portion of the clause in question is as follows : " Or if the property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree or voluntary *transfer* or *conveyance,* * * * or if the interest of the assured in the property, whether as owner, trustee, *consignee,* factor, agent, mortgagee, lessee or otherwise, be not truly stated," &c. The mere exhibition of the words is sufficient to show that the word *property* throughout is intended to refer to the property insured, whether it be real or personal. We hold that no proper notice of the transfer of Forsman's interest in the property insured by the policy in suit was given to the company, and that the consent of the company was not obtained or endorsed on the policy, either to the transfer of Forsman's interest or to the assignment of the policy, and hence the contract was at an end, and there was no right of recovery. No act of forfeiture by the company was necessary to accomplish this result, nor was the omission of such an act any evidence of waiver of its rights. A waiver, to be effective, must be intentional, and it would be impossible to predicate such a purpose of any act or omission of the defendant in this case. The positive act done was a refusal to consent, and an immediate notice of such refusal to the persons from whom the application for consent was received. To construe such an act, and the omission to do something further which the contract did not require, into a voluntary waiver of the contract rights of the company, would be a perversion of justice. The principles controlling this case have been so frequently announced by this court, that an extended citation or review of the authorities is entirely unnecessary. The following amongst others are quite conclusive : Finley *v.* Lycoming Mutual Ins. Co., 6 Casey 311 ; Buckley *v.* Garrett, 11 Wright 204 ; Ferree *v.* Ins. Co., 17 P. F. Smith 373 ; Carpenter *v.* Ins. Co., 16 Pet. 496 ; Trask *v.* Ins. Co., 5 Casey 198 ; Desilver *v.* Ins. Co., 2 Wright 134. The third, fourth, fifth, sixth, seventh and eighth errors are sustained.

Judgment reversed.