## The Olyphant Lumber Company to use of Patrick Mc-Gouldrick, Appellant, *v.* Peoples' Mutual Live Stock Insurance Company, of Philadelphia.

*Insurance—Transfer of an insured thing does not carry the insurance.*

A sale of property insured does not carry with it the policy of insurance. The policy is not an insurance of the specific thing without regard to the ownership, but is a special agreement of indemnity with the person insuring against such loss or damage.

In the absence of an assignment the grantee cannot recover on the policy, because the insurer has no contract with him, and the grantor cannot recover because he has sustained no loss.

*Insurance—Right of insurer to reserve right to approve assignment.*

The insurer has a right to choose the persons with whom he will contract, and a stipulation that the policy shall not be transferred to the grantee of the property insured without the consent of the insurer is but the exercise of that right and is of undoubted validity.

*Insurance—Conditional sale—Subject to approval of assigned policy.*

If the owner of an insured chattel desires to retain and protect his interest in the policy after a transfer of the possession of the chattel and payment of the purchase money under a conditional sale, it is his duty to notify the insurers immediately of the transfer in accordance with the terms of the policy and the by-laws of the company; otherwise in case of loss neither the vendor nor the vendee can maintain an action on the policy. Notice of the assignment of the policy is not notice of the sale of the chattel.

*Insurance of live stock—Notice and approval of assignment—Nonsuit.*

An owner of a horse, insured in the defendant company, sold him with the provision that the sale should be conditional upon an approval of an assignment of the policy; no notice was given to the company or approval of the assignment made by it at the time of the sale. Several days later the horse was taken sick, and on the day it died the vendee sent in the assigned policy for approval, which was refused by the company pending a reëxamination of the horse. No notice was given of the sale of the horse, or that it was sick. *Held*, that a suit by the vendor to use of the vendee was properly nonsuited.

Argued Jan. 12, 1897. Appeal No. 5, Jan. T., 1897, by plaintiff, from refusal of C. P. Lackawanna Co., Nov. T., 1893, No. 691, to take off compulsory nonsuit. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Assumpsit on policy of insurance.  Before EDWARDS, J.

The Olyphant Lumber Company sold a horse insured in defendant company to the use plaintiff, Patrick McGouldrick, a part of the agreement being that the title to the horse should not pass and the money should be refunded if they could not secure the approval of the insurance company to the transfer of the policy.  Several days elapsed before the application for approval of the assignment was made to the company and before the matter could be adjusted the horse died.

The court directed a judgment of nonsuit, which it subsequently refused to take off.

*Errors assigned* were (1, 2) refusal to take off compulsory nonsuit; (3) refusing to admit the evidence under the following offer made by plaintiff, which was objected to on the part of defendant: " The counsel for the plaintiff offer to prove by this witness on the stand that he was present when the arrangements were made between Mr. McGouldrick and Mr. Henwood as the representative of the Olyphant Lumber Company, Limited, that the sale was a conditional sale, the agreement being that the horse was to be sold to Mr. McGouldrick if they could secure the approval of the company to the transfer, if not, it was not to be a sale ; that the horse was to be returned to Mr. Henwood and the money returned to Mr. McGouldrick;" (4) in refusing to admit the evidence under the following offer of the plaintiff, which was objected to by defendant: " This offer is for the purpose of showing that as this action stands in the name of the Olyphant Lumber Company, Limited, to the use of Patrick McGouldrick, that Patrick McGouldrick would be entitled to recover either by virtue of the assignment, or if the assignment is not approved, by virtue of the title remaining in the Olyphant Lumber Company of the horse.  To be followed by other proofs that this was a conditional sale, and was not to take effect unless the transfer was approved by the company. We offer to recall Mr. Henwood for the same purpose ;" (5) in refusing to allow Patrick McGouldrick, called by the plaintiff, direct examination, to answer the following question: Q. "What were the conditions of the sale, if any, between you and Mr. Henwood at the time you took the horse?"

*W. S. Hulslander* and *A. A. Vosburg*, for appellant.—The policy remains in force until the consent is refused by the insurer: Strunk v. Ins. Co., 160 Pa. 345.

The case at bar is not like the case of Insurance Co. v. Hebard, 95 Pa. 45. In that case the policy required the assent and approval of the company before the assignment or transfer was made.

An assignee need show no right in himself; it is enough if he show a right in the legal plaintiff, for it is this right alone that can be enforced: Montgomery v. Cook, 6 Watts, 238; Hamilton v. Brown, 18 Pa. 87; Armstrong v. Lancaster, 5 Watts, 68; Peterson v. Lothrop, 34 Pa. 223.

Where by the contract anything is to be done on which the passing of the title depends, the property will not pass until the condition be fulfilled, even though the goods may have been delivered into the possession of the vendee: Enlow v. Klein, 79 Pa. 488; Levan v. Wilten, 135 Pa. 61; Forrest v. Nelson, 108 Pa. 481.

The agreement is what the parties intended to make it; Winslow v. Leonard, 24 Pa. 14; Gonser v. Smith, 115 Pa. 452.

Parol evidence is admissible to explain an assignment in writing which purports to have been made for value received by showing what was the consideration upon which it was executed: Galway's Appeal, 34 Pa. 242; Buckley's Appeal, 48 Pa. 491; Cake v. Pottsville Bank, 116 Pa. 264.

As between the parties the contract entered into in this case was valid: Becker v. Smith, 59 Pa. 469; Crist v. Kleber, 79 Pa. 290.

*H. C. Reynolds,* for appellee.—A waiver to be effective must be intentional: Ins. Co. v. Hebard, 95 Pa. 45.

The principles controlling this case have been so frequently announced by this court, that an extended citation or review of the authorities is entirely unnecessary. The following amongst others are conclusive: Finley v. Lycoming Mut. Ins. Co., 30 Pa. 311; Buckley v. Garrett, 47 Pa. 204; Ferree v. Ins. Co., 67 Pa. 373; Carpenter v. Ins. Co., 16 Pet. 495; Desilver v. Ins. Co., 38 Pa. 130.

"Policies of insurance," says the condition, "subscribed by this company, shall not be assignable without the consent of the

company expressed thereon. In case of assignment without such consent, whether of the whole policy or of any interest in it, the liability of the company in virtue of said policy shall thenceforth cease." This condition is a perfectly legal one: Smith v. Saratoga Co. Ins. Co., 1 Hill, 497 ; Same v. Same, 3 Hill, 508 ; 1 Phillips on Ins., 477 ; Angell on F. and L. Ins., 249, 251; Ferree v. Oxford Fire Ins. Co., 67 Pa. 373.

The company has the right to choose the parties with whom it will contract. The " moral risk " is one of great consequence and one always most carefully considered : Ferree v. Ins. Co., 67 Pa. 373.

OPINION BY RICE, P. J., March 17, 1897 :

One of the conditions of the policy in suit reads as follows : " That the holder of this policy shall not transfer it to another without the consent of this company in writing and must immediately notify the company of the sale of any animal insured, and surrender the policy for cancellation. The company will not be liable for losses under policies otherwise transferred." Section 7 of the by-laws of the association provides : " Each member shall abide by and conform to all the conditions and agreements named in his or her policy. A failure to do so shall cause a forfeiture of such policy." It appears that on June 13, 1893, the Olyphant Lumber Co. sold the horse insured to Patrick McGouldrick and at the same time delivered to him the policy of insurance with an assignment indorsed thereon. McGouldrick paid the purchase price and at once took the horse into his possession. On the following Saturday night the horse was taken sick, and died on the following day about noon. On the morning of this Sunday, McGouldrick mailed to the company the policy together with a check for one dollar for cost of transfer, and requested that the policy be transferred to him. He did not mention the fact that the horse was then sick, nor even that the horse had been bought by him. On the following day the general manager of the company wrote in reply that in order to have the assignment approved it would be necessary for the plaintiff to fill out the inclosed application for transfer, and have the horse examined by Dr. Helmer, and to forward with the application a letter from him as to the present condition and value of the horse. The letter proceeds : "When

this is done, if the application is satisfactory to the company we will approve the assignment and forward you the policy, provided the same is attended to within the next ten days." The check was returned with this letter.

A sale of property insured does not carry with it the policy of insurance. The policy is not an insurance of the specific thing without regard to the ownership, but is a special agreement of indemnity with the person insuring against such loss or damage as he may sustain. When he parts with the title to, and possession of, the property and has no further interest in it, he can sustain no loss or damage by its destruction, but the loss, if any, is that of his grantee. In the absence of an assignment the grantee cannot recover on the policy, because the insurer has no contract with him, and the grantor cannot recover because he has sustained no loss. It has been said that a transfer of the property, accompanied by an assignment of the policy is not a prolongation of the life of the contract, but a new contract with another person about the same subject-matter. But whether it be regarded as the one or the other, the insurer has a right to choose the persons with whom he will contract and a stipulation that the policy shall not be transferred to the grantee of the property insured without the consent of the insurer is but an exercise of that right, and is of undoubted validity. All this is true of fire insurance and is equally true of live stock insurance where the moral risk enters quite as largely into the consideration. It has been held in the case of a perpetual policy—but under provisions very different from those under consideration—that the insurer may not refuse to consent to an assignment arbitrarily (Davidson v. Assurance Co., 176 Pa. 525), and it is argued in the present case that the company was bound to approve the assignment unless good reasons could be shown for refusing. So long as the insurer reserves the unqualified right to refuse to contract with a grantee of the property and to cancel the policy upon a sale thereof, it is difficult to see how a refusal to make a new contract with a particular person, or to prolong the life of the old, after the ownership of the property has changed can be set at nought as arbitrary. But there is no question of an arbitrary refusal in the present case, even if that question could arise in any case where the parties have expressly agreed that the con-

sent of the insurer shall be essential to the validity of an assignment. To say nothing of the want of good faith in omitting to inform the company of the illness of the horse at the time it was made, the application for the transfer did not conform to the by-laws, and the company was perfectly justified in withholding its consent until an application conforming to its reasonable requirements should be presented. No such application was presented. The company never gave, or agreed to give, its consent, and did nothing to estop itself from denying the validity of the assignment on that ground. It follows that the assignee acquired no rights whatever against the defendant by virtue of the assignment. This conclusion is reached by an application of elementary principles ; but if citation of authorities is necessary we need only refer to the case of Girard F. & M. Ins. Co. v. Hebard, 95 Pa. 45.

To meet this objection to recovery under the assignment, the plaintiff offered to show, that, as part of the contract of sale pursuant to which possession of the horse was delivered and the purchase money paid, it was agreed that if the company did not approve the transfer it was not to be a sale, and in that event the horse was to be returned, and the money repaid. It is argued that upon such a sale the title remained in the Lumber Co., and that a recovery could be had in its right, upon the principle that where an action is brought in the name of the legal party to the use of another, the latter need show no right in himself ; it is enough if he show a right in the legal plaintiff.

It might be argued, plausibly, from the facts alleged in the plaintiff's offers, that the vendors of the horse retained an insurable interest until the sale became absolute, either by reason of consent being given to the transfer of the policy or by reason of a waiver of the condition of sale by the vendee. But the question is, not whether the original holders of the policy retained an insurable interest in the horse, but whether they complied with their agreement with the company to give immediate notice of the sale, so that the latter might exercise its option to cancel the policy or to give consent to its transfer. For, it cannot reasonably be contended that where the policy holder has delivered the possession of the property insured to another person and has received the whole price, he is not bound to give such notice, if the sale be upon condition that the vendee may

rescind it upon failure to obtain the insurer's consent to the transfer of the policy. There is, obviously, the same reason for giving notice in such a case as in the case of an unconditional sale. If, then, the original holders of the policy desired to retain and protect their interest in it after they had transferred the possession of the horse under a contract of sale, it was their duty to give immediate notice of the sale, to the insurer. This they did not do. Notice of the assignment of the policy was not notice of the sale of the horse, and it is not contended that any other notice of the sale was given. To say nothing of the vendee's delay in forwarding notice of the assignment, until the horse was dying, if not dead, or of the want of good faith in withholding information of its condition at that time, the evidence shows that there was neither literal nor substantial compliance with the conditions of the policy.

As the case stood upon the admitted evidence, the judgment of nonsuit was properly entered, for the reasons given by the learned trial judge. And, if the offered evidence had been admitted, the plaintiff's case must have failed because there was a failure, upon the part of the Lumber Co., to comply with the conditions of the policy, quoted at the outset of this opinion.

Judgment affirmed.