## Spector et ux. v. Grossman et al.

Robert M. Bernstein, for plaintiffs; Joseph Gross, for defendant.

Thomas E. Comber, Jr., for garnishee.

Kun, J., June 12, 1933.—This is a rule for judgment against a garnishee for the amount allegedly admitted to be due. The following facts appear from the interrogations and answers:

On June 28, 1929, American Casualty Company issued its automobile liability policy to Samuel Grossman. On June 28, 1930, the same was renewed for a period of 1 year. On July 24, 1930, Samuel Grossman died and shortly thereafter the personal representative of his estate sold the automobile in question to Henry Grossman, but the company was not notified of either fact. The insurance policy was not transferred, so that the company was not asked to approve any transfer. On April 1, 1931, Henry Grossman, driving the said automobile, had an accident in which the plaintiffs were injured. Notice of the same was given to the company on or about April 10, 1931. The company had its doctor examine the plaintiffs on April 10 and May 13, 1931. Notice of the death and transfer of the title was given to the company on or about April 17, 1931.

On October 24, 1931, suit was instituted against Henry Grossman by the plaintiffs; the company retained counsel, who entered his appearance as for the defendant (not the assured) on November 4, 1931. On November 19, 1931, the company's counsel notified defendant of the company's disclaimer on the ground of the transfer of title of the automobile without approval of the company and no transfer of the policy to the defendant, Henry Grossman, and withdrew his appearance on December 7, 1931. Verdicts and judgments were entered for the plaintiffs in the suit and this attachment against the company followed.

The plaintiffs' rule for judgment is based on a misunderstanding of the provision for "omnibus coverage" in the policy. All that that provision means is what is stated therein in plain terms, that the indemnity provided for in the policy is available to the named assured and "to any person or persons while riding in or legally operating any of the automobiles described in the warranties of [the] policy, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or, if the named assured is an individual, with the permis-

sion of an adult member of the named assured's household, other than a chauffeur or a domestic servant". Had the defendant, Henry Grossman, son of the assured, in the latter's lifetime operated the car with the assured's consent, the insurance company would have been liable to the injured person for any loss by reason thereof. Had, however, the assured in his lifetime transferred title of the automobile to his son, the defendant, without approval of the company and without assigning the policy to his son and securing the consent of the company to such assignment, obviously the assured in his lifetime would not have been entitled to indemnity from the company and much less would his son have been entitled to such indemnity. In a word, the unnamed assured (those who may be included in the "omnibus coverage") cannot have any greater rights in the policy than the named assured.

The last sentence in the "omnibus coverage" clause provides: "In the event an automobile covered by this policy is sold, transferred, or assigned, the indemnity provided shall not extend to such purchaser, transferee or assignee, except by record of the consent of the company endorsed thereon."

The provision under the title "Transfer of Interest" is as follows: "No assignment of interest under this policy shall be binding upon the company unless its ratification of such assignment signed by the president or secretary be endorsed hereon."

In the case before us there was admittedly a transfer of the title to the automobile from the personal representative of the assured to the assured's son, the defendant, Henry Grossman, without approval of the company, and there was never any transfer of the policy to the defendant. It has been held (Girard Fire & Marine Ins. Co. v. Hebard & Forsman, 95 Pa. 45, 51) that even where a notice of transfer had been given, unless consent of the company thereto was obtained as is required by provisions similar to the one quoted above, the transferee acquired no right therein and the contract was at an end. The court said:

"No act of forfeiture by the company was necessary to accomplish this result, nor was the omission of such an act any evidence of waiver of its rights. A waiver, to be effective, must be intentional, and it would be impossible to predicate such a purpose of any act or omission of the defendant in this case. The positive act done was a refusal to consent, and an immediate notice of such refusal to the persons from whom the application for consent was received. To construe such an act, and the omission to do something further which the contract did not require, into a voluntary waiver of the contract rights of the company, would be a perversion of justice."

This was quoted with approval as late as Emmons v. McCreery et al., 307 Pa. 62, 69, in which there was also quoted with approval the following from 40 Cyc. 261:

"Waiver must be manifested in some unequivocal manner, and to operate as such it must in all cases be intentional. There can be no waiver unless so intended by one party and so understood by the other, or one party has so acted as to mislead the other and is estopped thereby. Since intent is an operation of the mind it should be proven and found as a fact."

In the instant case, far from intending any waiver, even if the doctrine of waiver could under any circumstances be applied to the facts disclosed, the insurance company, garnishee, though having in the first instance, as a matter of routine, authorized its attorney to enter an appearance for the defendant, when it learned of the facts—that the assured, who was the defendant's father, had died in July 1930—that the title to the car had shortly thereafter been transferred to the son without the approval of the company, that the insurance policy had never been assigned to him, with or without the consent of the com-

pany, and that the accident occurred April 1, 1931—disclaimed liability under the policy and had its attorney withdraw his appearance, of which defendant was notified.

The authorities cited by plaintiffs relating to the general doctrine of waiver of breach of conditions and warranties by insurance companies are entirely inapplicable to the case before us. There was no breach of any condition or warranty in this case. There was a complete change of status of the parties. The title to the automobile was transferred by the deceased assured's personal representative to the plaintiff, without record consent of the company endorsed on the policy. The defendant purchaser or transferee acquired no right to indemnity under the policy by merely getting the title to the thing insured—the automobile. As to the policy itself, it never was transferred or assigned to him. Even had it been, he would have acquired no right thereunder, unless the company had approved the transfer as required by the terms of the policy. The reason for this is plain. An insurance company may be willing to insure one person and not another. That is why its approval to a transfer is required.

We cannot see how on any theory the garnishee would be liable to the defendant on the facts in this case. We are very clear in our opinion that plaintiff is not entitled to judgment for any amount admitted to be due. There is no such admission in the record, in fact or in law.

Rule discharged.