Spector et al., Appellants, v. Grossman et al.

Argued October 12, 1934.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*Milford J. Meyer,* and with him *Robert M. Bern-
stein,* for appellants.

*Thomas E. Comber, Jr.,* for appellee.

Opinion by Stadtfeld, J., December 18, 1934:

Directed verdicts in favor of the garnishee on an
issue framed upon interrogatories to the American
Casualty Company and its answers thereto.

The following facts appear from the trial of the
issue: On June 28, 1930, garnishee company renewed
a policy of liability insurance to Samuel Grossman for
one year and was paid in advance. On July 24, 1930,
Samuel Grossman died. Plaintiff claimed that on or
about July 29, 1930, garnishee was informed of his
death and that defendant, Henry Grossman, was the
driver of the car covered by the liability insurance.
On April 1, 1931, Henry Grossman, while driving this

automobile, injured the plaintiffs, the insured being notified of the accident on or about April 4, 1931. Henry Grossman was an adult member of the household of Samuel Grossman. On April 17, 1931, the insurer was advised that title to the car had been transferred to Henry Grossman prior to the accident. The policy, however, was never assigned to Henry Grossman, nor assent to such transfer obtained from the insurer. The letter informing the garnishee of Samuel Grossman's death contains no notice of the transfer of the title to the car, nor any request for the ratification of an assignment. On April 10, 1931 and May 13, 1931, the insurer had its medical examiner examine the plaintiffs, and on November 4, 1931, the insurer had its attorney enter his appearance for the defendant in this suit. Plaintiff claimed that after April 17, 1931, and prior to the institution of suit, the insurer made an offer of settlement to the plaintiff; this, however, was denied by the company, as also was the receipt of the letter giving notice of the death of the insured, Samuel Grossman. There was evidence at the trial from which a jury might find that the letter was received by the insurer and that the offer of settlement was made. On November 19, 1931, the insurer after further investigation disclaimed liability, alleging the transfer of title to Henry Grossman as an avoidance of the policy and counsel withdrew his appearance on December 7, 1931. At no time did the insurer return or offer to return the unearned premium on the policy. Henry Grossman then obtained other counsel, and, on the trial of the case, verdicts were rendered against him which were not paid.

The policy issued by the insurer contained a so-called "omnibus coverage" clause, in which appeared, inter alia, the following provision: "In the event an automobile covered by this policy is sold, transferred or assigned, the indemnity provided herein shall not

extend to such purchaser, transferee or assignee except by written consent of the company endorsed hereon."

The policy also provided as follows: "*Transfer of interest*. No assignment of interest under this policy shall be binding upon the company unless its ratification of such assignment signed by the president or secretary be endorsed hereon."

At the conclusion of the trial, verdicts for the garnishee were directed by the court. Motions for new trial and for judgment n. o. v. were overruled and judgments entered on the verdicts in an opinion by PARRY, J. From these judgments appeals were taken.

Appellant contends, (a) that there was a waiver by the insurer requiring its consent to any transfer of title to the insured automobile, (b) that the conduct of the company operated as an estoppel.

The company had insured Samuel Grossman, who died July 24, 1930. The automobile, the property of Samuel Grossman, was sold and the title assigned to Henry Grossman, the defendant in this case, shortly after the death of the deceased insured. The personal representatives of the deceased insured never asked for or obtained an assignment of the policy to the purchaser of the machine. The insured's estate had no further interest in the automobile at the time of the accident, and the defendant, Henry Grossman, never had acquired any rights under the policy.

The law governing this case is set forth in the case of King v. Lancaster Co. M. I. Co., 45 Pa. Superior Ct. 464, wherein this court, in an opinion by ORLADY, J., said, p. 467: "The whole subject is disposed of by Judge RICE, in Olyphant Lumber Company v. People's Mutual Live Stock Insurance Company, 4 Pa. Superior Ct. 100, as follows: 'A sale of property insured does not carry with it the policy of insurance. The policy

is not an insurance of the specific thing without regard to the ownership, but is a special agreement of indemnity with the person insuring against such loss or damage as he may sustain. When he parts with the title to, and the possession of, the property, and has no further interest in it, he can sustain no loss or damage by its destruction, but the loss, if any, is that of his grantee. In the absence of an assignment, the grantee cannot recover on the policy, because the insurer has no contract with him, and the grantor cannot recover because he has sustained no loss.' See also Komps v. Franklin Fire Insurance Co., 28 Pa. Superior Ct. 425; Bemis v. Harborcreek Mutual Fire Ins. Co., 200 Pa. 340." See also Girard F. & M. Ins. Co. v. Hebard, 95 Pa. 45.

The alleged offer of settlement constituted no admission of liability, nor was the company estopped by anything it did in the progress of the litigation. " 'A waiver to be effective, must be intentional; ...... to construe such an act and the omission to do something further which the contract did not require into a voluntary waiver of the contract rights of the company (defendant), would be a perversion of justice': Girard Fire & Marine Ins. Co. v. Hebard, 95 Pa. 45, 51. 'Waiver must be manifested in some unequivocal manner, and to operate as such it must in all cases be intentional. There can be no waiver unless so intended by one party and so understood by the other, or one party has so acted as to mislead the other and is estopped thereby. Since intention is an operation of the mind, it should be proven and found as a fact': 40 Cyc. 261."—Emmons v. McCreery, 307 Pa. 62, 69, 70, 160 A. 722.

The assignments of error are overruled and judgment affirmed.