Broderick et al., Appellants, *v.* Great Lakes Casualty Company et al.

450

Argued April 16, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellants.

*Christopher A. Winter,* with him *George Y. Meyer,* for appellees.

OPINION BY KENWORTHEY, J.; July 16, 1943:

A third party who has notice cannot, by settlement with an employee, deprive an employer (or insurance carrier) of the subrogation right granted by the Workmen's Compensation Law. *Smith v. Yellow Cab Co.,* 87 Pa. Superior Ct. 143, aff'd 288 Pa. 85, 135 A. 858; *Scalise v. F. M. Venzie & Co., Inc.,* 301 Pa. 315, 152 A. 90. The question is whether a subrogated employer can maintain an action in assumpsit against a third party who, after notice, has settled with the employee, without proof that the third party was in fact a wrong-doer or was liable to the employee; will the fact of settlement alone support the action?

The lower court held not and sustained defendants'

affidavit of defense raising questions of law. Plaintiffs have appealed.

We agree with the lower court. Section 319 of the Workmen's Compensation Law, Act of 1915, June 2, P. L. 736, as amended; reenacted 1939, June 21, P. L. 520, 77 PS §671, provides: "Where a third person *is liable to the employe* or the dependents for the injury or death, the employer shall be subrogated to the right of the employe or the dependents against such third person ......" (Italics supplied). The plaintiffs have not alleged that defendants were liable to the employe. They have alleged merely that their employee was injured in the course of his employment, that they paid the employe workmen's compensation totalling $322.84, that they notified defendants of their subrogation right, and that defendants settled with the employee for $325.

It does not follow from the fact that the settlement deprived plaintiffs of none of their rights and that they can maintain an action in their own name as the real parties in interest under Rule 2002, Pennsylvania Rules of Civil Procedure, that they can recover without proving liability; a shield is not a sword. And unless we were to repudiate well established principles, we are bound to hold that the settlement is no evidence of defendants' liability to the employee. See *Spector v. Grossman*, 115 Pa. Superior Ct. 372, 376, 175 A. 890; *Vautier v. Atlantic Refining Co.*, 231 Pa. 8, 15, 79 A. 814; *Rosenfeld v. Stauffer*, 121 Pa. Superior Ct. 103, 109, 182 A. 714; *Thomas v. R. R. Co.*, 194 Pa. 511, 515, 45 A. 344. Under the plain language of the law the subrogated employers are bound to prove liability to support the contention they have been wronged and are entitled to recover. This is true regardless of the form of the action.

Our conclusion has the support of the Supreme Court of Errors of Connecticut which, in *U. S. Fidelity & Guaranty Co. v. New York, N. H. & H. R. R. Co.*,

101 Conn. 200, 125 A. 875, 877, 878, said: "If an action could be sustained against the defendant as a tortfeasor under the circumstances of this case, it would be maintained without the defendant having had an opportunity to have had its legal liability for the injuries to the employee of the employer determined by a legal adjudication. The defendant would thus pay damages and lose its property without having had the right to be heard upon the question of its legal liability. This could not be done ...... We perceive no equitable considerations for relieving the employer from his statutory obligation of proving the defendant's liability for this employee's injuries, and could not permit a statutory obligation to be set aside whatever equitable considerations might be present."

Prior to 1937, the Georgia Workmen's Compensation Statute gave the right of subrogation to an employer "under circumstances creating a legal liability in some person." Georgia Code (1933) §114-403. The 1937 amendment (Georgia Laws, pp. 528, 530) changed the words just quoted to: "Under circumstances whereby payment is made by some person." The obvious intention of the legislature was to meet the situation presented in the present case and relieve the employer of the necessity of proving the liability of the third party. The Georgia Court of Appeals, Division No. 2, so held in *General Accident Fire & Life Assurance Co. v. King Mfg. Co.*, 60 Ga. Appeals 281, 3 S. E. (2d) 841, but in 1940 the Georgia Supreme Court, in *Lloyd Adams, Inc. v. Liberty Mutual Ins. Co.*, 190 Ga. 633, 10 S. E. (2d) 46, 51, held the amendment unconstitutional and said: "To allow any recovery on the basis stated by the statute would deprive the defendant of property without due process of law, would authorize a recovery without liability and would compel payment without fault."

To the same effect is *Southern Surety Co. of New*

*York v. Chicago etc. Ry. Co.*, 215 Iowa 525, 245 N. W. 864, where it was said: "The railway company was faced with the fact that Wills had been injured and, even though it may have been wholly without fault and in no way legally liable to respond in damages ...... extended litigation was apparent and it preferred to rid itself of trouble and therefore obtained a settlement ...... This settlement in no manner admitted of any liability to respond in damages."

We have given careful consideration to *Traders & Gen. Ins. Co. v. West Texas Utilities Co.*, 165 S. W. (2d) 713 (Texas), which expresses a contrary view.

The order is affirmed.