## Kineston v. Neshannock Mutual Insurance Company

*Joseph J. Nelson*, for plaintiff.

*T. A. Sampson, Jr.*, for defendant.

RODGERS, P. J., July 1, 1955.—This matter comes before the court on a case stated. Plaintiff purchased a judgment in the amount of $2,000 against Charles A. Wolfe who was the owner of a five-ninth interest in certain real estate in Mercer County on which was located a barn which plaintiff insured with defendant, a mutual fire insurance company, for the sum of $800. The policy included a provision as follows:

"This entire policy shall be void, unless otherwise provided by agreement in writing added thereto,—(d)

if any change other than by death of an insured takes place in the interest, title or possession of the subject of insurance. . . ."

The policy also carried an endorsement which read:

"The property insured by Policy No. 45088 issued to William Kineston is owned by Charles and John Wolfe and Margaret Schumaker. Loss, if any, under said policy is first payable to the said William Kineston as his claim may appear at time of loss. Dated October 5, 1950. Neshannock Mutual Fire Insurance Company, by John St. Clair, Secretary".

Before the payment of the assessment on October 28, 1953, the property was sold by the Mercer County Tax Claim Bureau for unclaimed taxes and was purchased by plaintiff, William Kineston, Twila Kineston, his wife, John and James Kinestone, their two minor children. The sale was confirmed and the deed executed and delivered to the four purchasers dated November 13, 1953, and recorded November 14, 1953. The property was destroyed by fire on July 31, 1954.

It is clear that the law permits and will enforce a condition of the fire policy such as set out in (d) of the instant policy. In The Olyphant Lumber Co., to use, v. Peoples' Mutual Live Stock Insurance Co. of Phila., 4 Pa. Superior Ct. 100, 104 (1897), the court stated:

". . . The insurer has a right to choose the persons with whom he will contract and a stipulation that the policy shall not be transferred to the grantee of the property insured without the consent of the insurer is but an exercise of that right, and is of undoubted validity. All this is true of fire insurance and is equally true of live stock insurance where the moral risk enters quite as largely into the consideration."

It also appears clear that there was in fact a change in the interest and title of the subject of the insurance.

Plaintiff argues that his interest in the property did not change. It is not important whether it did or not. The question is: Did the title to the subject of the policy change? The answer must be that it certainly did because three new parties, i.e., Mrs. Kineston, John Kineston and James Kineston now have an interest which they did not hold at the date of the issuance of the policy.

It is also clear that no agreement in writing was added to the policy covering this change of title. The endorsement on the policy had no relation to section (d) but was a routine endorsement covering not interest or title in the property, but claims of plaintiff which might appear at the time of the loss.

Plaintiff urges that the payment of the October 1953 assessment kept the policy in force for another full year.

The payment of the assessment was only one condition of the policy which plaintiff was bound to meet. One other enforcible condition was that set out in section (d) which was not met and which must under the law bring about the unfortunate result of voiding the policy.

The motion for judgment on the pleadings must be granted.

### Order

And now, July 1, 1955, judgment is entered for defendant, the Neshannock Mutual Insurance Company, formerly Neshannock Mutual Fire Insurance Company, a corporation of Mercer, Pa.