City of Pittsburgh, Appellant *v.* Wilson Rue, City Tank Corp., a corporation and Equipment and Supplies, Inc., a corporation, Appellees.

Wilson Rue *v.* City Tank Corporation and Equipment and Supplies, Inc. *v.* City of Pittsburgh, Appellant.

Argued May 5, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Toni J. Bione,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellant.

*James R. Miller,* with him *Randall J. McConnell, Jr.; Dickie, McCamey & Chilcote; Robert G. Simasek;* and *Stein & Winters,* for appellees.

OPINION BY JUDGE BLATT, October 17, 1978:

The City of Pittsburgh (City) has appealed from two orders of the Court of Common Pleas of Allegheny County, both of which concerned its right to subrogation pursuant to Section 319 of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §671.[2]

Wilson Rue (Rue) was employed by the City when he sustained injuries due to an alleged malfunction

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

[2] Although we are of the opinion that we do not have jurisdiction in this case under Section 402(4) of the Appellate Court Jurisdiction Act (ACJA), Act of July 31, 1970, P.L. 673, 17 P.S. §211.402, now Section 762(4) of the Judicial Code, 42 Pa. C.S. 762(4), on which the appellant relies, we have decided this case under Section 503 of the ACJA, now Section 704 of the Judicial Code, 42 Pa. C.S. 704; in the interest of judicial economy.

of a City refuse vehicle manufactured by City Tank Corporation (City Tank) and sold by Equipment and Supplies, Inc. (Equipment). Rue brought suit in the court below against City Tank and Equipment to recover damages for the injuries and the City was joined as an additional defendant. In its answer, the City notified all parties of its claim for $12,126.76 in workmen's compensation benefits paid to Rue. After negotiations, Rue entered into a settlement with City Tank and Equipment releasing them from all liability for the consideration of $15,000.00. The agreement contained the provision that liability was neither admitted nor denied by any of the parties, and further provided that City Tank would "indemnify and hold harmless Wilson Rue for any judgment the City of Pittsburgh may recover for its Workmen's Compensation lien paid to Wilson Rue for the injury of June 3, 1970." By order of court, the case was discontinued between Rue and City Tank and between Rue and Equipment, but continued as to the other parties. On May 10, 1977 the Court dismissed the case because the City was "unable to proceed to prove its claim." The City has appealed from this order.

Subsequent to the settlement agreement, the City filed an assumpsit complaint against Rue, City Tank, and Equipment for the amount of compensation paid by the City to Rue. All three defendants filed preliminary objections in the nature of a demurrer and these objections were sustained and the complaint was dismissed. The City has also appealed from the dismissal of its complaint.

We have been asked to determine the subrogation rights of an employer pursuant to Section 319 of the Act, 77 P.S. §671, which provides, *inter alia*:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated

to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer. . . .

The City argues that its complaint was improperly dismissed by the lower court because it has an unqualified statutory entitlement to subrogation to the extent of the compensation paid to Rue. We are unable to agree, however, in light of the City's failure to plead that the named defendants' acts "caused in whole or part" the compensable injury. The City's pleadings contain no mention whatsoever of this required causal relationship, and we cannot, therefore, distinguish the case of *Travelers Insurance Co. v. Hartford Accident and Indemnity Co.*, 222 Pa. Superior Ct. 546, 294 A.2d 913 (1972). In *Travelers,* our Superior Court held that the existence of a "consent judgment" does not sufficiently establish negligence. *See also Olin Corp. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 603, 324 A.2d 813 (1974); *Broderick v. Great Lakes Casualty Co.*,[3] 152 Pa. Superior Ct. 449, 33 A.2d 653 (1943). The settlement agreement here specifically did not contain any admission of liability, and the City must, therefore, prove some liability on the part of City Tank or Equipment. The City made no allegation of liability, and we must, therefore, affirm the lower court's action in dismissing its complaint.

Unfortunately, the City also failed to allege liability in its answer to the complaint to join it as a defendant in the action initiated by Rue against City Tank and Equipment. Even if it had been able to proceed to provide its claim, the question of the liability

---

[3] *Broderick* interprets Section 319 of the Act which, at the time contained slightly different language.

of City Tank and Equipment to Rue was not before the trial court and the City could not have proved its entitlement to the amount of compensation paid. The trial court, therefore, did not err in dismissing the action.

For these reasons, we will affirm both orders of the lower court.

ORDER

AND Now, this 17th day of October, 1978, the orders of the Court of Common Pleas of Allegheny County are hereby affirmed.