Francis McGINNIS, Eleanor McGinnis,
Kenneth Cheafsky, and
Isabelle Cheafsky

v.

UNITED SCREW & BOLT
CORPORATION.

Civ. A. No. 84–1180.

United States District Court,
E.D. Pennsylvania.

July 3, 1985.

Barry M. Rothman, Philadelphia, Pa., for plaintiffs.

Morton F. Daller, Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM & ORDER

RAYMOND J. BRODERICK, District Judge.

This is a products liability action filed by the plaintiffs against defendant United Screw & Bolt Corporation. The complaint, which was filed in the Court of Common Pleas of Philadelphia County and removed to this Court on the basis of diversity jurisdiction, alleges that plaintiffs Francis McGinnis and Kenneth Cheafsky were injured when two "ladder jacks" manufactured by the defendant collapsed and caused the plaintiffs to fall from scaffolding on which they were standing while engaged in "brick pointing" work. Currently before the Court is a motion filed by Security Insurance Company (Security) to intervene as a party-plaintiff in this action. For the reasons that follow the Court has determined that this motion will be denied.

In its petition for intervention, evidently filed pursuant to Fed.R.Civ.P. 24(a), Security states that, as the workmen's compensation carrier for plaintiff McGinnis' employer, it has a right of subrogation (to the extent of its lien—now in excess of $60,000) pursuant to the Pennsylvania Workmen's Compensation Act, 77 Pa.Cons.Stat.Ann. § 671, against any recovery realized by plaintiff McGinnis in this action. Security

bases its right to intervene in this action upon its belief (citing language in a concurring opinion filed by Justice Larsen in *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980)) that its statutory right of subrogation may not be "automatic", and that it may be necessary for the compensation carrier to prove the employer's "lack of fault" in a "judicial proceeding" in order to enforce its lien. Security also contends that "needless duplicative litigation" might be necessary in the event the plaintiff and defendant reach a settlement in this action and fail to honor Security's compensation lien. Security observes that in cases where an employee and a third party reach a settlement without an express concession of liability on the part of the third party, and subsequently fail to honor the compensation lien, the compensation carrier must sue the third party (and the employee) and prove that the employee's injury was caused at least in part by the third party. *See, e.g., City of Pittsburgh v. Rue*, 38 Pa.Cmwth. 187, 393 A.2d 1066 (1977). Finally, Security alleges that it might be "prejudiced" in its ability to collect its lien if funds were distributed to the plaintiff "by way of settlement or otherwise" without satisfaction of the compensation lien. Security seeks to intervene in this action and requests this Court, "in the event of a recovery" by plaintiff McGinnis, "to enter an order directing the plaintiff and plaintiff's attorney to pay over to ... [Security] a sum of money representing its entitlement under [the Workmen's Compensation Act]."

■ Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part that intervention shall be permitted as of right:

When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In the present case Security has not demonstrated how a disposition of this action would "impair or impede" its ability to protect its interest, and it has not demonstrated that its interest is not adequately protected by the existing parties. *See Olden v. Hagertown Cash Register, Inc.*, 619 F.2d 271 (3d Cir.1980). To begin with, Security's belief that it must intervene to protect its statutory subrogation right by somehow litigating the employer's "lack of fault" is incorrect. In *Heckendorn v. Consolidated Rail Corporation*, 502 Pa. 101, 465 A.2d 609 (1983), the Pennsylvania Supreme Court quoted with approval the following review of the purpose and legislative history of the Workmen's Compensation Act amendments of 1974:

The intention of the amendments to section 303 was to grant the employer total immunity from third party actions. To accomplish this, the Legislature adopted the language of Section 5 of the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. § 901, *et seq.*, where the employer is granted total immunity from third party actions and also is subrogated to the full extent of its workmen's compensation lien. This becomes a statutory right, *and it is not necessary for the employer to enter the action as an equitable plaintiff as is the case in some other jurisdictions.*

*Heckendorn*, 502 Pa. at 105–106 n. 1, 465 A.2d at 611 n. 1, quoting *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 368–369, 372 A.2d 869, 871 (1977) (emphasis added). Justice Roberts, writing for the court, rejected Justice Larsen's (concurring) view that an employer's "fault" is at issue in connection with its subrogation claim, and stated

The employer's statutory right to subrogation may not be challenged by an allegation that the employer was partially responsible for the employee's injury ... The issue of the employer's negligence is as irrelevant at the subrogation stage of the proceedings as it is at trial ...

*Heckendorn*, 502 Pa. at 108–109, 465 A.2d at 613 (footnote omitted). Thus Security need not intervene in this action (for the

purpose of somehow litigating the employer's "lack of fault") in order to protect its lien.

■ Second, Security contends that in the event the parties to this action reach a settlement without a concession of liability on the part of the defendant, and then subsequently fail to satisfy Security's compensation lien, Security will be forced to sue the plaintiff and defendant, and prove that the defendant "caused" the plaintiff's injuries, in order to collect the lien. *See City of Pittsburgh v. Rue,* 38 Pa.Cmwlth. 187, 393 A.2d 1066 (1977). This contention fails to support intervention for two reasons. First, it has been held that an intervenor's interest will not be "impaired or impeded" within the meaning of Rule 24(a) if the disposition of the present action will not preclude the intervenor from bringing suit in another forum to enforce its claim. *See e.g., Shorb v. Airco, Inc.,* No. 82–1983, slip op. at 5–6 (E.D.Pa. June 21, 1985) [Available on WESTLAW, DCTU database]. More important, however, is the fact that Security has not demonstrated that its interest is not adequately protected by the plaintiff in this action. Security has alleged no specific facts showing "such factors as proof of collusion between [a representative party] and the opposing party, any adverse interest between the [intervenor] and the representative, and whether there is any indication that the representative has been less than diligent in prosecuting the litigation." *Olden v. Hagerstown Cash Register, Inc.,* 619 F.2d 271, 275 (3d Cir.1980). Security does not contend that the plaintiff (or the defendant) in this case has indicated in any way that in the event of a settlement they will fail to honor Security's statutory subrogation claim. Furthermore, Security does not specify how its suggestion of a "potential conflict of interest" between itself and plaintiffs' counsel might arise. In *Olden v. Hagerstown Cash Register, Inc., supra,* the Third Circuit upheld the district court's denial of a workmen's compensation carrier's petition to intervene in the underlying tort action. The court observed that no conflict of interest could exist between the plaintiff and

the carrier prior to a recovery by the plaintiff, and that in the (unlikely) event a conflict should arise *after* a verdict or settlement is reached, the carrier has "ample opportunities to protect its interests" *at that time,* e.g., by moving to intervene prior to distribution of the fund created by the settlement or judgment. *Olden,* 619 F.2d at 275. Accordingly, Security's petition to intervene as of right in this matter pursuant to Fed.R.Civ.P. 24(a) will be denied at this time.

■ Finally, it does not appear that Security seeks to intervene permissively in this action pursuant to Rule 24(b), which states in pertinent part that intervention may be permitted "(2) when an applicant's claim or defense and the main action have a question of law or fact in common." However, in the event Security is seeking permissive intervention the Court would, in its discretion, decline to permit it for the following reasons. First, as the *Olden* court observed, the presence of an insurance carrier as a party at trial might lead to the prejudicial disclosure of the existence of workmen's compensation. 619 F.2d at 273. Furthermore, accepting Security's observation that the presence of the compensation carrier might facilitate settlement negotiations, there is no reason that Security must become a *party* to participate in such discussions, and indeed as a general rule the compensation carrier participates in settlement negotiations in the underlying tort suit without attempting to formally intervene. Security does not contend that any of the parties to this action have impeded in any way its efforts to keep informed of the status of this litigation and/or any negotiations concerning settlement. Accordingly, to the extent Security seeks leave of court to intervene in this action pursuant to Rule 24(b), the Court will, in its discretion, decline to permit such intervention.