## STANDARD ACC. INS. CO. v. GRIMMETT et al.
### No. 50.

District Court, W. D. Louisiana, Opelousas Division.

March 6, 1939.

Lewis & Lewis, of Opelousas, La., for plaintiff.

Vinson Mouser, of Columbia, La., for defendants.

DAWKINS, District Judge.

Plaintiff has filed this action for a declaratory judgment as to its liability under a policy of insurance issued to Sam Grimmett, Inc., covering certain motor vehicles, one of which was involved in an accident resulting in the death of the minor child of Mr. and Mrs. Elmer K. Lewis, two of the defendants.

Plaintiff alleges that the coverage of the policy was limited to the use of said vehicles while being used within a radius of fifty miles of where they were "principally garaged"; that said accident happened while the truck involved here was being used, approximately 160 miles from Port Barre, the place where it was "principally garaged"; and that demand has been made upon plaintiff for damages, as insurer of the said truck, by Lewis and his wife. Further, that a real controversy exists as to plaintiff's obligations under said policy and it is entitled to a judgment determining its liability under those circumstances. The prayer is for judgment declaring plaintiff to be without liability and enjoining the defendants from suing upon the policy. The insured, as well as the driver of the truck, have also been made parties defendant.

A rule to show cause why a preliminary injunction should not be granted was issued. At the hearing the following facts were shown, and this finding is specially made upon the issue for the benefit of the Appellate Court, to-wit:

The defendants, Elmer K. Lewis and his wife, placed the claim for the alleged accidental death of their minor son in the hands of certain attorneys at Vidalia, Louisiana, between whom and the attorneys for the plaintiff in this case certain correspondence with regard to the accident was had, and in the course of which the latter informed the former that it was the purpose of the plaintiff to bring this action for a declaratory judgment as to its liability, in view of the provision in the policy limiting the coverage to the operation of the truck in the manner above stated. Subsequently the claimants employed the present counsel and offered to settle the matter for $3500. Counsel for plaintiff in the present suit advised counsel for Mr. and Mrs. Lewis that the latter's letter was being forwarded to the Company and that "some word from the Company" should be received within the next ten days, "at which time we will communicate with you. Meanwhile, may we ask that you hold your file in abeyance." This was on December 10, 1938, and again on December 19, 1938, counsel for the Insurance Company again wrote the at-

torney for the claimants that the claims attorney for the company had been ill and unable to give the matter attention, but would probably "return to his desk within the next few days, and at which time we will be definitely advised. Please be kind enough to afford us a little more time to give you definite advice as to the compromise suggestion."

On December 21st the Insurance Company wired their attorneys in this case to "Proceed under declaratory judgment statute immediately", and this suit was filed on December 27, 1938, without further communication with the attorneys for Mr. and Mrs. Lewis.

It is claimed by these defendants that the plaintiff acted inequitably in thus bringing this suit after inducing them to withhold action in the State court, and should not be given injunctive relief, even if otherwise entitled to it.

### Conclusions.

 It appears from the above that plaintiffs' counsel had informed the claimants, through their attorneys first engaged, that it was the purpose to file a suit of this nature, and nothing appears to establish that Messrs. Lewis & Lewis were acting in bad faith in submitting the suggested compromise to their client and requesting that counsel for the claimant withhold action in the meantime. When they were instructed to bring suit, there was no other choice. It was the plaintiff's legal right to take this action and I am constrained to hold that the circumstances do not justify me in refusing to entertain it on the ground claimed. I do not think the claimants have lost anything by the delay.

### As to the Right to Preliminary Injunction.

At the argument, I was impressed that since the present proceeding contemplated the rendering of a personal judgment, the writ of injunction could not issue to prevent the claimants from suing in the State court. However, upon closer study and examination of the authorities, I am convinced that the very nature of the relief contemplated by the declaratory judgment statute requires that when the court takes jurisdiction it should do so to the exclusion of other tribunals, as otherwise, should the plaintiff be held not liable, prosecution of the suit for damages in the State court would involve much expense by both sides to no avail. If liable,

the claimants could have judgment in this court for whatever is due.

The case most directly in point construing the Declaratory Judgment Act, 28 U.S.C.A. § 400, is that of Central Surety & Insurance Corporation v. Caswell et al., 5 Cir., 91 F.2d 607. It is true that the right to enjoin proceedings in the State court was not directly involved in the appeal, because the lower court had dismissed the action upon the grounds, apparently, that no actual controversy was shown. The situation was identical with the present case, and in reversing the ruling of the District Court for the Eastern District of Louisiana, the Court of Appeals for this circuit remanded the cause to be tried, with instructions "to grant an interlocutory injunction pendente lite" against proceedings elsewhere. It is inconceivable that if the Appellate Court thought the provisions of Section 379, Title 28, U.S.C., 28 U.S.C.A. § 379, prohibited the issuance of an injunction under the Declaratory Act, it would have directed that course by the lower court.

For the reasons assigned, it is, therefore, ordered, adjudged and decreed that a preliminary injunction issue, as prayed for.