## The Employers Liability Assurance Corp., Ltd., v. Maguire et ux.

*John J. McDevitt, 3rd,* for petitioner.

KUN, J., October 29, 1948.—This is a petition for a declaratory judgment filed under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831 et seq. as amended. The petition raises for the first time in Pennsylvania, so far as we are informed, the question of whether the rights and obligations of insured and insurer may be determined in proceedings for a declaratory judgment. After proper service, no appearance or answer was filed by respondents so

that the averments of fact in the petition may be taken as true. They are as follows:

On August 21, 1947, plaintiff insurance company issued an automobile liability policy to respondents to become effective September 12, 1947, and continue in force to September 12, 1948. The policy covered a certain Chevrolet sedan, which, in applying for the policy, respondents represented to be their property and also represented to be garaged in Philadelphia. These representations appeared among the "Declarations" and formed a part of the policy.

On November 9, 1947, the insured automobile was involved in a collision near Los Angeles, Calif., while being operated by a James E. Lally. In investigating the accident petitioner discovered that Lally had obtained possession of the car from Frank Maguire, Jr., who was also found to be the real owner of the automobile. It was likewise discovered that Frank Maguire, Jr., and the automobile had been in California before the insurance policy was written and continuously until the collision occurred.

There were several persons injured as a result of the accident: Edward R. Hopper, George A. Hopper, William L. Bixler, Robert J. Porter and E. Clarence Stroud. These injured persons instituted suit against James E. Lally and Francis J. Maguire (Frank Maguire, Jr.) for damages in the Los Angeles Superior Court.

Petitioner immediately "disclaimed" any responsibility for the defense of California defendants James E. Lally and Francis J. Maguire (Frank Maguire, Jr.) because of the misrepresentations under the policy. In order to forestall any further litigation under the policy either by Frank and Margaret Maguire or Francis J. Maguire or the persons injured, petitioner canceled the policy and refunded the premium to Frank and Margaret Maguire. Since the premium refund and cancellation were unilateral acts performed

by petitioner and since the status between petitioner and the assureds can properly be declared only by a court of law, the present proceedings were begun. The misrepresentations contained in the "Declarations" of assured are an adequate reason for voiding the policy. The identity of the owner is important, for the age of the owner of a car has been found to have had an important relation to the risk of accidents. The younger the driver, the greater the likelihood of an accident, consequently the greater the risk: Witkofski v. Daniels et al., 329 Pa. 452, where at page 460, the court quotes with approval the following from the opinion of Judge Rice in Olyphant Lumber Co. to use, etc., v. Peoples' Mutual Live Stock Ins. Co. of Phila., 4 Pa. Superior Ct. 100, 104:

" 'The policy is not an insurance of the specific thing without regard to its ownership but is a special agreement of indemnity with the person insuring against such loss or damage as he may sustain. . . . The insurer has a right to choose the persons with whom he will contract.' "

Likewise, the location of the usual place of garaging an automobile has a material relation to the risk of accident. As stated in 4 Appleman, Insurance Law & Practice, sec. 2632:

"Since insurance rates vary materially according to the location and place of use of the insured vehicle, representations concerning such matters are of the utmost importance. A breach of this condition would avoid protection under the policy, unless prevented by the operation of waiver or estoppel."

Section 2 of the Declaratory Judgments Act (12 PS §832) provides:

"Any person interested under a . . . written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument, . . . contract

. . . and obtain a declaration of rights, status, or other legal relations thereunder."

In Aetna Life Ins. Co. v. Haworth, 300 U. S. 227, it was held that a petition for a declaratory judgment was an appropriate remedy for the determination of the rights and obligations of an insured and an insurer, under the above provision of the Declaratory Judgments Act

As stated in Borchard, Declaratory Judgments (2d ed., 1941) at pages 647, 648:

". . . insurance companies have had occasion to avail themselves of this opportunity to obtain relief from unjust claims by suing the insured or his beneficiary for a declaration of non-liability, for lack of coverage or because the insured's breach of warranty or condition of risk or covenant excuses them from liability or from defending the insured against third party claims or paying any judgment thus obtained."

Typical examples of the use of this remedy by insurance companies where policy questions are presented are: Builders & Mfrs. Mut. Casualty Co. v. Paquette et al., 21 F. Supp. 858 (where the named assured concealed fact that unlicensed son was real owner) ; Merchants Cas. Co. v. Pinard et al., 87 N. H. 473, 183 Atl. 36, and Trinity Universal Ins. Co. v. De Martini et al., 118 S. W. (2d) 901 (Texas), where named assureds were not real owners; American Eagle Fire Ins. Co. v. Gayle et al., 108 F. (2d) 116, where the ownership of the car was in question.

The violation of the "Territorial" use clause was in question in Maryland Cas. Co. v. Martin et al., 88 N. H. 346, 189 Atl. 162; Standard Acc. Ins. Co. v. Grimmett et al., 32 F. Supp. 81, and Aetna Life Ins. Co. et al. v. Chandler et al., 89 N. H. 95, 193 Atl. 233.

We conclude, therefore, that the subject matter of the present petition is within the scope of the quoted section of the Pennsylvania Declaratory Judgments Act.

On the basis of the facts set forth in the petition, unanswered and undenied, petitioner is entitled to have the prayer of the petition granted. Counsel will submit an appropriate decree.