505 A.2d 1060

Raymond Eugene Heiser, Petitioner *v.* Workmen's Compensation Appeal Board (Westmoreland Casualty Co.), Respondents.

Submitted on briefs December 9, 1985, to Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*P. Nelson Alexander*, for petitioner.

*Stewart A. Karn, Meyer, Darragh, Buckler, Bebenek & Eck*, for respondent, Westmoreland Casualty Company.

OPINION BY JUDGE ROGERS, March 4, 1986:

Raymond Heiser (claimant) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) affirming a referee's determination that pursuant to Section 319 of The Pennsylvania Workmen's Compensation Act (Act), Act of

June 2, 1915, P.L. 736, *as amended,* 77 P.S. §671, the Westmoreland Casualty Company (carrier) was entitled to a subrogation credit against the payment of future compensation benefits and to a suspension of benefits for the balance of the credit from funds recouped by the claimant in settlement in a personal injury suit.

While in the course of his employment for R.A.N. Trucking Company (employer) on August 10, 1979, the claimant was involved in a motor vehicle accident with another vehicle driven by Edward Graafsma and was injured. Pursuant to a notice of compensation payable, the claimant received total disability benefits of $227 each week beginning August 17, 1979.

The claimant filed a suit against the person who was allegedly responsible for the injuries which he received on August 10, 1979, and he obtained a settlement of $100,000.

The carrier states in its brief that the claimant took the position that the carrier was not entitled to any of the money and refused to pay any. The carrier further states that "as a matter of self-help," it suspended payment of workmen's compensation benefits to the claimant on August 15, 1983, and on August 23, 1983, the carrier filed a petition to review the notice of compensation payable, requesting a suspension of benefits for the overpayment of compensation and a supersedeas effective immediately.

There was no evidentiary hearing. The referee scheduled a hearing but it was not held because the claimant's counsel had trouble with his automobile and could not get to the hearing. The parties submitted the case on documents furnished by the claimant.

The referee made the following findings of fact:

1. On August 23, 1983, the defendant and its insurance carrier filed Review Petition 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 requesting supersedeas and suspension

of compensation benefits, based on a third party liability action in which the claimant received $100,000.00. The Claimant filed responsive Answer.

2. On August 10, 1979, the claimant was in the employ of the defendant earning an average weekly wage of $433.85.

3. On August 10, 1979, during the course of his employment with the defendant, claimant sustained injury resulting in subdural hematoma of the head. Said injury occurred while claimant was driving a motor vehicle, and as a result of vehicular accident with another vehicle.

4. On October 3, 1979, Notice of Compensation Payable was filed with the Bureau of Workers' Compensation, under which claimant was paid compensation at the rate of $227.00 per week, beginning August 11, 1979.

5. The claimant continued to receive disability benefits, and as of August 15, 1983, received total disability benefits and medical benefits totalling $57,619.65.

6. The claimant filed a common law liability action against a third party responsible for the injuries which he sustained on August 10, 1979, and amicably settled the liability action for a sum of $100,000.00.

7. In the prosecution of that action at common law, the claimant incurred counsel fees of $30,000.00 and expenses of $1,714.77 for a total expense of recovery of $31,714.77.

8. During the prosecution of the third party liability action, the claimant's counsel, John Gavin, agreed in writing to protect the subrogation interest of Westmoreland Casualty Company by a letter agreement dated May 1, 1980.

9. The injuries which the claimant sustained occurred in the State of Ohio.

10. Westmoreland Casualty Company has overpaid compensation benefits to the claimant in the sum of $39,345.71 determined by subtracting the pro-rata share of counsel fees and costs of the third party liability action ($18,273.94) from the compensation paid as of August 15, 1983 ($57,619.65).

The referee's conclusions of law were to the effect that the carrier was entitled to subrogation rights pursuant to Section 319 of the Act, that the carrier was "entitled to a credit against the payment of future compensation benefits in the amount of $42,380.35 determined by subtracting the compensation lien ($57,619.65) from the third party settlement ($100,000.00)," and that the carrier was "entitled to a suspension of benefits for a period of 546 4/7 weeks and thereafter was obliged to reimburse the claimant the sum of $71.99 per week for the balance of the credit of $42,380.35 for a period of 588 5/7 weeks." The referee ordered the suspension of benefits payable to the claimant pursuant to the notice of compensation payable for a period of 456 4/7 weeks and directed the carrier to pay the claimant $71.99 each week for the balance of credit of $42,380.35, for a period of 588 5/7 weeks, after which all compensation was terminated. The board affirmed the referee's decision.

Section 319 of the Act pertinently provides as follows:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable . . . by the employer; reasonable at-

torney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

On appeal, the claimant contends that pursuant to Section 319, the carrier was bound, but failed to prove that the claimant's compensable injury was caused in whole or in part by the act or omission of a third person. The claimant invokes the first clause of Section 319, and asserts that an express disclaimer in the settlement agreement of Mr. Graafsma's allegation under the law to pay anything precludes any right of subrogation absent proof and a finding of Mr. Graafsma's liability or fault. We disagree with the claimant's contention.

Section 319 provides for "reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement"; hence, either a recovery from or a settlement with the third party will sufficiently show that the fund to which the employer seeks to be subrogated was received by the employee in vindication of his right against the third party. Here, the settlement

agreement provides that the claimant obtained $100,-000 in settlement from Edward Graafsma for the injuries the claimant received in an automobile accident with Graafsma on August 10, 1979. The notice of compensation payable shows that the disability benefits which the claimant received were paid because of the injury sustained in an accident on August 10, 1979. The claimant nowhere contends that he was injured twice on that day.

The case of *Trumbull v. Paris Linen & Decorating Shops, Inc.*, 249 Pa. Superior Ct. 629, 377 A.2d 1004 (1977), is authority for our holding that a compromise settlement between an employee who has suffered injuries compensable under the Workmen's Compensation Act and a third party, requiring the latter to pay damages to the employee on account of the same injuries, sufficiently establishes the employer's right to subrogation to the proceeds of the settlement under Section 319. There the Superior Court affirmed per curiam an order of the Court of Common Pleas of Philadelphia County (No. 437 July Term, 1973), per Judge HARRY A. TAKIFF. Judge TAKIFF's opinion supporting his order unfortunately seems not to have been reported. We have therefore reproduced portions of Judge TAKIFF's opinion:

The thrust of plaintiff's contention in this action is that the defendant's claim of subrogation is not well founded under Section 319 of the Workmen's Compensation Act because no adjudication of the third parties' negligence was ever made. Plaintiff further claims that the determination of the third parties' negligence was within the jurisdiction of the Workmen's Compensation Referee, and, on appeal, the Board, and that defendants' failure to seek or to formalize a finding of the third party's negligence at either juncture works an estoppel against its present claim of subrogation.

Plaintiff's assertion that the existence of a settlement between an employee and an alleged third party tortfeasor precludes the employer and his insurer from asserting its right of subrogation under Section 319 of the Act absent an adversarily litigated finding of the third party's negligence, simply does not comport with the law of the Commonwealth.

That subrogation is an equitable right to compel the ultimate discharge of an obligation by the party who ought, in good conscience, to pay it, is a well settled tenet of Pennsylvania law: Appeal of Miller, 119 Pa. 620, 13 A. 504 (1888). As an equitable entitlement founded on principles of reason and justice, subrogation is to be given liberal application and construed to yield a reasonable result. . . .

According to Barbieri, Pa. Work. Comp., (1975), the statutory scheme of Section 319 provides for subrogation in a sweeping way[1]

1. Barbieri, Pa. Work. Comp. §5.46 (3) (1975) suggests that the right of subrogation is virtually a plenary right, referring to Bumbarger v. Bumbarger, 190 Pa. Super. 571, 155 A.2d 216 (1959) [cited by defendants in the instant case]. In that case it was held that the right of subrogation against the recovery received from a third party in settlement of the injured employee's claim extended to the amount allotted in that recovery for pain and suffering, even though the workmen's compensation laws do not provide for an award of benefits under that category of compensable damage.

so that the employer who seeks it may achieve a refund of compensation payments out of the re-

covery effected against the third party who caused[2]

[2]. As enacted, Section 319 provided for the subrogation of the employer to the rights of the employee against third persons 'where a third person *is liable* to the employee or the dependents for the injury or death . . .'. Act of June 2, 1915, Pub. L. No. 736, Art. III, §319. In 1945, the section was amended to substitute the phrase, 'Where the compensable injury *is caused in whole or in part* by the act or omission of a third party. . .'. The phrase as presently codified suggests that the legislature meant to disavow any notion that a formal finding of a third party liability is a prerequisite to a subrogation claim by the employer to monies received in a compromise settlement.

the injuries with few exceptions. In keeping with its equitable origins, the doctrine of subrogation is implicitly founded on the concept that one who is injured should be recompensed for his injuries without being unjustly enriched at another's expense. It follows, therefore, that the statutory scheme of Section 319 seeks to ensure that the employer be legally bound to compensate the injured employee without fault if the conditions of the Workmen's Compensation law be met, but that this compensation not represent a double payment for the same injuries. For that reason, the employer who has the unyielding obligation to compensate the victim obtains a quid pro quo in the form of a right to subrogation if the injury was *caused* by another and if compensation from such third person was obtained to the extent it was paid or payable.

It is clear from a textual analysis of the Act that Section 319 embraces the provision that an employer (or his insurance carrier) shall be subrogated to funds derived from a compromise settlement between the employee and a third party. The language of the Act explicitly refers to 'reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement' as proper objects of subrogation. The conclusion to be drawn from the reference to 'compromise settlement', when read in the context of the Act as a whole, is twofold: The compromise settlement may be between the employee and employer, or between the employee and the third party who caused the injury. This interpretation clearly obviates the necessity of a formal adjudication of the third party's negligence when the employer invokes a right of subrogation, *not* against the third party (or its indemnity carrier), but against the employee or the fund received by the employee from the alleged third party tortfeasor, as in the instant case.

It is on this very point that the cases cited by plaintiff turn, and therefore must fall. Plaintiff cites Travelers Insurance Company v. Hartford Accident and Indemnity Company, 222 Pa. Super. Ct. 546, 294 A.2d 913 (1972) for the proposition that in order for a subrogee to recover either in tort or assumpsit, he must prove the negligence of the third party tortfeasor. In that case, Travelers, the indemnity carrier for the injured employee's employer, sued the alleged third party tortfeasor's *carrier* under the theory of subrogation, after the employer paid compensation to the employee. The

underlying action by the employee against the third party had resulted in a consent judgment by which the third party paid the employee the sum of $9,000.00; no formal finding of negligence was made because that trial ended in a hung jury. Under those facts, it is clear that the subrogee would be required to prove the third party's negligence in order to invoke a right of subrogation against the alleged tortfeasor's carrier to recover from it monies paid in settlement of the claim.

That case is not applicable to the instant facts. The claim of subrogation here is being asserted, not against Craft's indemnity carrier, but against the employee, Trumbull.

Plaintiff further contends that the principle articulated in Travelers, and affirmed in Broderick v. Great Lakes Casualty Company, 152 Pa. Super. Ct. 449, 33 A.2d 653 (1943) is made applicable to the present case by Olin Corporation v. Workmen's Compensation Appeal Board, 14 Pa. Com. Ct. 603, 324 A.2d 813 (1974). Neither Broderick nor Olin may be read to support plaintiff's present denial of the defendant's right of subrogation. In Broderick, a case similar on its facts to Travelers, an employer sought recovery from a third party tortfeasor who settled with an employee, without proof that the third party was in fact a wrongdoer or was legally liable to the employee. The Superior Court held that it would be a denial of the third party's right to due process of law to allow a subrogated employer to be reimbursed by the *third party* absent proof of the employer of the third party's liability.[3]

3. The court, in determining that a subrogated employer is bound to prove liability of a

third party in order to recover against him, focused on the language of the Act as it existed prior to the 1945 amendment, *supra* note 2.

In Olin, the employer appealed from a referee's award of workmen's compensation to an injured employee on the theory that because the employee's suit against the alleged third party tortfeasor had been dismissed with prejudice (due to the employee's failure to cooperate with counsel), the employer's obligation to pay benefits was thereby extinguished. The employer thus attempted to defeat the employee's right to workmen's compensation benefits on the ground that it was precluded from later obtaining reimbursement through subrogation. It was in this context that the court, in dismissing the employer's contention as unsound, stated that the subrogation rights of an employer are preconditioned upon proof that the compensable injury was caused by the third party. However, in the same sentence, the court went on to declare that subrogation rights must be preconditioned on 'a recovery against the third party *or a compromise settlement* by and between the employee and the third party:' 14 Pa. Com. Ct. 603, 609 (underlining added). The court thus explicitly affirms the view that the right of subrogation may be invoked against monies received in a compromise settlement, declaring that either a 'recovery' or a 'settlement' with a third party will satisfy the causation requirement under Section 319.

While we affirm the board's order with respect to the carrier's right of subrogation, we must remand the matter for a correct calculation of the award in the light of *Rollins Outdoor Advertising v. Work-*

*men's Compensation Appeal Board (Maas),* 506 Pa. 592, 487 A.2d 794 (1985).

ORDER

AND Now, this 4th day of March, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed with respect to the carrier's right of subrogation. We remand for a correct calculation of the award as indicated herein. Jurisdiction is relinquished.