543 A.2d 1279

Leighton Hill, Petitioner *v.* Workmen's Compensation Appeal Board (J. F. Judski Associates), Respondents.

Argued April 20, 1988, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard H. Roesgen, Roesgen, Larrabee & Brown,* for petitioner.

*Gregory D. Geiss, Dougherty, Mundy and Leventhal,* for respondent, J. F. Judski Associates.

OPINION BY SENIOR JUDGE BARBIERI, July 11, 1988:

Before the Court is the appeal of Leighton Hill, Claimant, seeking review of an order of the Workmen's Compensation Appeal Board (Board), which sustained a decision of a referee granting subrogation in favor of J. F. Judski Associates, Employer, out of a fund realized by Claimant by the settlement of Claimant's third party lawsuit against certain parties named as defendants. We affirm.

Claimant was injured in the course of his employment with Employer on November 10, 1978, and brought two third party lawsuits, one of these against several named defendants was settled without trial for $96,000.00, with costs and counsel fees amounting to $43,725.71, the Claimant realizing the net amount of $52,274.29. In the second lawsuit, in which the United States was the sole defendant, was decided by a Federal Trial Judge in favor of the defendant, the Trial Judge having found that the sole cause of the Claimant's injuries was the negligence of Judski, Employer.

Employer's subrogation rights, of course, are based upon provisions of Section 319 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §671, the relevant provisions of which are as follows:

Section 319. Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred *in obtaining a recovery or in effecting a compromise settlement* shall be prorated between the employer and employe, his personal representative, his estate or his dependents. (Emphasis added.)

Claimant, relying upon Appellate Court cases which are not authoritative, either having been over-ruled, or do not represent the present state of the law on the subject involved herein, contends that, although he did receive the settlement as indicated in one of his suits, the compensation authorities and this Court should recognize, as the basis for disallowing subrogation, the finding of the Federal Judge in the other suit to which no one was a party except Claimant and the United States. Of course, we find no merit whatsoever in this contention of Claimant's, the present controlling authorities here being the Supreme Court case of *Heckendorn v. Consolidated Rail Corporation,* 502 Pa. 101, 465 A.2d 609 (1983), and *Heiser v. Workmen's Compensation Appeal Board (Westmoreland Casualty Co.),* 95 Pa. Commonwealth Ct. 350, 505 A.2d 1060 (1986). In *Heckendorn,* relied upon by the referee[1] and by the Board,[2] Claim-

---

[1] Referee's Findings of Fact Nos. 5 and 6, as follows: (R.R. 16a).

5. Whether or not the employer is at fault for the employee's injuries is generally not a consideration in the Pennsylvania Workers' Compensation system, the system being basically a no-fault system. The issue of the em-

ant's view that there must be negligence somehow established on the part of the third party and that the employer may not qualify for subrogation if it is found in a collateral matter that he was solely negligent, was firmly rejected by the Supreme Court in *Heckendorn,* as follows:

> The issue of the employer's negligence is as irrelevant at the subrogation stage of the proceedings as it is at trial, and as it is in every case of employee injury in which no third-party tortfeasor is involved.

502 Pa. at 109, 465 A.2d at 613.

We can hardly improve on the statement of the applicable law as contained in the referee's third Conclusion of Law:

> 3. The Claimant has received a third party recovery. Although the settlement was inconsistent with the actual verdict, the funds realized from the third party action are to compensate the

---

ployer's negligence is as irrelevant at the subrogation stage of the proceedings as it is at trial. Where the compensable injury is caused in whole or in part by the act of [sic] omission of a third party, the employer shall be subrogated to the right of the employee against such third party to the extent of the compensation payable under this article by the employer (citing Heckendorn v. Consolidated Rail Corporation). 465 A.2d 609.

6. Although the third party action involved in this case found no liability against the third party, there was a settlement through which the third parties contributed $96,000 towards the injuries sustained by the Claimant. Because it is irrelevant to consider whether or not the employer was negligent in full or in part at the initial state of the proceeding, it is just as irrelevant to consider it at the subrogation stage. The sole criterion is whether or not third party benefits have been paid as a result of the injury sustained by the Claimant in the scope of his employment.

[2] Brief and Reproduced Record of Petitioner at pp. 2b-2c.

Claimant for the injury he sustained in the scope of his employment, and thus, the employer is entitled to subrogation.

Of course, this conclusion seems not to emphasize the fact that the recovery was out of a lawsuit other than the one in which the inconsistent verdict was rendered.

In *Heiser,* this Court squarely faced the question of whether a workmen's compensation insurer could be subrogated out of a fund received by the Claimant by settlement with an alleged third party tortfeasor without proof of the negligence of the third party. Quoting from a comprehensive opinion by a common pleas court judge, Judge ROGERS in *Heiser* stated:

It follows, therefore, that the statutory scheme of Section 319 seeks to ensure that the employer be legally bound to compensate the injured employee without fault if the conditions of the Workmen's Compensation law be met, but that this compensation not represent a double payment for the same injuries. For that reason, the employer who has the unyielding obligation to compensate the victim obtains a quid pro quo in the form of a right to subrogation if the injury was *caused* by another and if compensation from such third person was obtained to the extent it was paid or payable. (Emphasis the Court's.)

95 Pa. Commonwealth Ct. at 357; 606 A.2d at 1063.

Continuing to quote, it was held that no formal adjudication of the third party's negligence was required, but that the fund received by compromise settlement was subject to subrogation in favor of the workmen's compensation insurer. In discussing a 1974 decision of this Court,[3] the opinion continued:

---

[3] *Olin Corporation v. Workmen's Compensation Appeal Board (Lawrence),* 14 Pa. Commonwealth Ct. 603, 324 A.2d 813 (1974).

The Court thus explicitly affirms the view that the right of subrogation may be invoked against monies received in a compromise settlement, declaring that either a 'recovery' or a 'settlement' with a third party will satisfy the causation requirement under Section 319.

We find equally without merit other contentions advanced by Claimant, such as collateral estoppel, the equitable nature of subrogation,[4] that the settlement agreement is a contractual matter and that failing to honor the Claimant's concept of Employer's subrogation rights would represent a constitutional violation of Claimant's due process rights under the Fourteenth Amendment of the United States Constitution. Aside from the fact that, among others of Claimant's contentions, the constitutional question now raised was not raised below and, of course, need not be considered here, *Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974),[5] the issues are simply devoid of any merit. Claimant's compensation benefits are provided on a no fault basis and amounted to $66,243.80 in compensation benefits and $21,693.00 in medical expenses provided by Employer's insurer, or a total of $87,936.80, and these payments will continue. It is this same statutory structure which benefits the Claimant that also provides for the reimbursement by way of subrogation, where the recovery against which subrogation is sought is for the very injuries for which Claimant is receiving the statutory compensation benefits. As the Supreme Court made clear in *Heckendorn,* cases which pre-date that decision holding that fault is relevant in subrogation claims are deemed to be ineffectual.[6] We note the Board's conclusion from *Heckendorn,* in affirming the referee, that:

---

[4] *Heckendorn,* Footnote 1.

[5] Noted in *Heckendorn* at Footnote 4.

[6] *Heckendorn,* Footnote 3.

To hold otherwise would defeat the purpose of subrogation whenever there is a settlement (settlements do not have to admit the liability of the third party). (R.R. 2c).

For the reasons stated we will affirm, noting that during the subrogated period of credit, the Employer's insurer will continue to pay on a weekly basis its percentage of the costs and counsel fees incurred by Claimant in achieving its recovery. *Fidler v. Workmen's Compensation Appeal Board (United Cable Corp.)*, 83 Pa. Commonwealth Ct. 155, 478 A.2d 907 (1984); *Mazzeo v. M. & J. B. McHugh*, 199 Pa. Superior Ct. 400, 185 A.2d 638 (1962); *Soliday v. Hires Turner Glass Co.*, 187 Pa. Superior Ct. 44, 142 A.2d 425 (1958). Under these authorities, of course, pursuant to the terms of Section 319, the employer or its compensation insurer are required to reimburse claimant for his costs and counsel fees in acquiring the settlement recovery which by way of subrogation benefits employer and its insurer.

It will be so ordered and otherwise we will affirm.

## ORDER

Now, July 11, 1988, the order of the Workmen's Compensation Appeal Board, as of No. A-90039, dated November 7, 1986, is hereby affirmed and the case remanded for the purpose of computing the weekly payments to Claimant in reimbursement for the costs and counsel fees expended by him in achieving third party recovery.

Jurisdiction relinquished.