575 A.2d 956

**WARNER LAMBERT COMPANY, INC., and Continental Insurance Company, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (BROWN), Respondents.**

**Cindy BROWN, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (WARNER LAMBERT COMPANY, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1990.

Decided May 24, 1990.

Robert P. Reed, Metzger, Wickersham, Knauss & Erb, Harrisburg, for petitioners/respondents, Warner Lambert Co., Inc. and Continental Ins. Co.

Thomas W. Murphy, Murphy, Murphy & Murphy, P.C., Philadelphia, for respondent/petitioner, Cindy Brown.

Before CRAIG and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Before this Court in this workmen's compensation case are cross appeals, one by Cindy Brown, Claimant, and the other by her Employer, Warner Lambert Company, Inc., (Employer), in a contest as to subrogation rights of the Employer out of a settlement made by Claimant, for her work injuries claimed against a third party in a Federal Court proceeding. The appeals have been consolidated. We affirm in part and reverse in part.

Claimant's injuries were suffered on May 28, 1982 for which she was paid compensation in various periods, finally under a Supplemental Agreement dated June 14, 1983, for a recurrence as of June 1, 1983. Compensation was paid thereafter at the rate of $199.20 per week until a supersedeas was granted pursuant to a request by Employer in these proceedings on Employer's petition for suspension as of March 25, 1985. This petition was filed on July 3, 1985 and supersedeas was granted by the referee during the first

hearing held, albeit in the absence of the Claimant and her counsel.

The nature of the underlying fact situation is best illustrated by reference to certain of the findings of the referee, as follows:

4. The above action was compromised and settled between the parties thereto for the sum of $45,000.00, and was discontinued by an order of court executed March 25, 1985.

5. At the time of the settlement of the aforesaid action, the total benefits including compensation and medical expenses paid to or on behalf of the Claimant arising out of the industrial accident of May 28, 1982, exceeded the Claimant's share of the settlement proceeds.

6. Rather than paying the settlement proceeds to the Defendant [Employer] as required by Section 319 of the Pennsylvania Workmen's Compensation Act, as amended, the Claimant retained said proceeds.

7. The fair and non-duplicated costs of pursuing the aforesaid Federal court action came to $1,623.71, and the Claimant had a contingent fee agreement in effect with her attorney for 40% of any settlement or verdict, which the Referee finds to be reasonable.

8. By denying the defendant's subrogation interest, the Claimant has had the use of the sum of $25,376.29 for a year and a quarter at 8% interest under average market conditions, which represents a loss of interest to the Defendant of $2,537.63. Furthermore, in asserting its right and entitlement to the subrogation, the Defendant has incurred attorney's fees as of May 7, 1986, in the sum of $2,802.50.

9. When adjusted for the loss of interest and attorney's fees set forth in the foregoing paragraph, the total fund the Defendant is entitled to use as a credit against future compensation is $50,716.42.

10. The Defendant is entitled to a suspension of normal compensation for a period of 254.6 weeks from February

28, 1986, the date this Referee first entered an Order for Suspension.

11. For each of the 254.6 weeks that regular compensation is suspended, the Defendant will pay to the Claimant the sum of $77.08 in reimbursement of attorney's fees and costs. At the end of 254.6 weeks of suspension, when regular payments are resumed, the Claimant will have been totally reimbursed for her attorney's fees and costs of the Federal Court action in the total sum of $19,623.71.

Findings of Fact Nos. 4–11.

As will appear, there are many errors of law in these quoted findings.

The following Conclusions of Law, Nos. 3–4, were entered by the referee, including his brief Order:

3. Defendant is entitled to a suspension of regular compensation for a period of 254.6 weeks beginning February 28, 1986. Accordingly, Claimant's compensation is suspended effective said date consistent with Sction [sic] 413 of the Pennsylvania Workmen's Compensation Act, as amended.

4. Claimant, in lieu of normal compensation, is entitled to reimbursement of costs and attorney's fees in the sum of $77.08 for each of the 254.6 weeks that normal compensation is suspended in accordance with Section 319 of the Pennsylvania Workmen's Compensation Act, as amended.

## ORDER

AND NOW, this 31st day of August, 1987, continued suspension is ORDERED and payments to be made to the Claimant as set forth in the Findings of Fact and Conclusions of Law above.

On cross appeals to the Workmen's Compensation Appeal Board (Board) by both parties, the Board rejected Claimant's contention that the third party action in the Federal Court was for an injury claim different from that for which compensation was paid in the workmen's compensation

case, but agreed with Claimant's contention that attorney's fees could not be assessed against Claimant in favor of Employer. Claimant also raised the issue of assessing interest in favor of Employer and as to the assessment of credit against future compensation in the amount of $50,-716.42, and for 254.6 weeks from February 28, 1986, the date of the suspension by the referee.[1] Also, Claimant's principal contention was that damages in the third party matter could not be treated as solely those of the Claimant, since the settlement was for the claims of the Plaintiffs in the third party case, Claimant's husband, Barry L. Brown and, herself, Cindy L. Brown, which were the names on the release executed and approved by the Federal Court. Claimant further charged that Employer, with full knowledge of the proceedings, failed to intervene in the Federal case, as requested by Claimant, thereby forfeiting whatever subrogation rights it might otherwise have.

Both parties appealed and sought review by this Court, Claimant contending that there should be no subrogation, presenting, *inter alia,* constitutional contentions; and that Employer's claim for attorney's fees and for interest were not properly established, although, as we will rule, the proof question need not be reached, since neither the interest nor counsel fee charge against Claimant is valid as a matter of law.

■ We need not expound at length on the right of Employer here to be subrogated to its share in the third party settlement, since all of the issues urged against such sharing have been settled by decisions of this Court and of the Supreme Court. *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board,* 506 Pa. 592, 487

---

1. We note that supersedeas was oral and that, accordingly, it was null and void. *Penn Window & Office Cleaning Co. v. Workmen's Compensation Appeal Board (Pearsall),* 121 Pa.Commonwealth Ct. 248, 550 A.2d 610 (1988); *Department of Labor & Industry v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.),* 79 Pa.Commonwealth Ct. 290, 469 A.2d 705 (1984). Since Claimant has admitted of record that the supersedeas order was "proper" and the issue is not before us, we will not consider it.

A.2d 794 (1985); *Bell Telephone Co. of Pa. v. Workmen's Compensation Appeal Board (Artuch),* 127 Pa.Commonwealth Ct. 569, 562 A.2d 427 (1989); *Dasconio v. Workmen's Compensation Appeal Board (Aeronca, Inc.),* 126 Pa.Commonwealth Ct. 206, 559 A.2d 92 (1989); *Heiser v. Workmen's Compensation Appeal Board (Westmoreland Casualty Co.),* 95 Pa.Commonwealth Ct. 350, 505 A.2d 1060 (1986). In any event, the Pennsylvania Supreme Court has ruled that the employer's subrogation rights under Section 319 of The Pennsylvania Workmen's Compensation Act (Act)[2], 77 P.S. § 671, are "statutorily absolute." *Winfree v. Philadelphia Electric Co.* 520 Pa. 392, 554 A.2d 485 (1989).

First, it was settled in *Heiser* that there need not be a trial to establish the right of a claimant to monies paid in settlement of a claim against a third party. As *Heiser* points out, the language of Section 319 of the Act clearly provides that if the injury is caused

> *in whole or in part* by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents against such third party to the extent of the compensation payable ... by the employer; reasonable attorneys' fees and other proper disbursements incurred in obtaining a recovery or *in effecting a compromise settlement* shall be prorated between the employer and employe, his personal representative, his estate or his dependents. (Emphasis added.)

There having been no jury verdict or other cognizable ruling in the third party matter fixing the amounts payable to Claimant, or whether or not, or if, any amount of the recovery is payable to the husband, the full amount of the recovery is subrogable under Section 319, *Dasconio,* particularly since no basis exists in the workmen's compensation system for a referee or the Board, or for this Court, to

---

2. Act of June 2, 1915, P.L. 736, *as amended.*

determine how much the husband's share, if any, should be separated from the amount subrogable as the recovery of the Claimant. In *Dasconio,* concerning the spouse's interest in a joint tort settlement, we stated:

> The release executed by both the claimant and his wife in the tort case here recites that they both had instituted suit against the third-party defendant. However, the third party's payment of a single lump sum to the claimant and his wife jointly makes it impossible at this juncture to place a separate value on the damages to which the wife might have been entitled.
>
> Moreover, there is no authority or jurisdiction in the workmen's compensation system for determining the amount of a wife's consortium damages previously recovered in a common pleas proceeding. Such a determination is solely one for a jury in the common pleas proceeding; such common pleas issues are not cognizable by compensation authorities.[3]

*Id.,* 126 Pa.Commonwealth Ct. at 220, 559 A.2d at 99–100 (footnote added).

Also, in *Fidler v. Workmen's Compensation Appeal Board (United Cable Corp.),* 83 Pa.Commonwealth Ct. 155, 478 A.2d 907 (1984), cited in *Dasconio,* we ruled "that this common pleas issue could not be raised in the compensation case...." *Id.,* 126 Pa.Commonwealth Ct. at 221, 559 A.2d at 100.

■ Next, we must fault the Board for failing to deal with the question of interest being assessed against the Claimant and in favor of the Employer, an issue which was raised on Claimant's appeal to the Board. Finding of Fact No. 8, quoted above. There is no authority in workmen's compensation law for the assessment of interest in favor of an employer or its insurer. The Act provides that interest normally due *claimants* may be forfeited "with respect to any period of unexcused delay which they have caused."

**3.** It is permissible, of course, for the compensation authorities to deal with subrogation as to a sum fixed in the third party claim as the consortium amount. *Bell Telephone Co. of Pa.*

Section 435(d)(iii) of the Act, 77 P.S. § 991(d)(iii), but nowhere is there any authorization for assessing against a claimant the obligation to pay interest to an employer or its insurer.[4]

■ As regards Employer's appeal to us, we have already indicated that the Board correctly reversed the referee's award of counsel fees against the Claimant and in favor of the Employer. Also, as noted, interest assessed in favor of the Employer, against the Claimant, has no basis in the Act or otherwise. Employer's reliance upon *Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Co.)*, 103 Pa.Commonwealth Ct. 290, 520 A.2d 525 (1987) is misplaced. In that case, this Court on appeal to it after other appeals had been decided by us on the same issue, held that the appeal was so clearly arbitrary, vexatious and wholly frivolous, taken solely for delay that this Court was moved to state that any further abuse of the appellate process might result in the imposition of sanctions. There is no basis in *Patel* which could provide support for the assessment of counsel fees by a compensation referee, nor under either Pa.R.A.P. 2744(1) or the Judicial Code, 42 Pa.C.S. § 2503.7, also relied upon by Employer. Again, we point out that these provisions are not applicable to support such assessment by a workmen's compensation referee who must function within the limits of his authority as laid down by the Legislature in the Act. Furthermore, it could hardly

4. In reference to the referee's apparent rationale in assessing interest in favor of Employer against Claimant, based upon Claimant's failure to promptly pay over all of the net recovery received by Claimant, we note first that Employer's benefit was subject to *pro rata* payment by Employer of the costs of the third party recovery, which the referee acknowledged. Finding of Fact No. 11. More important, however, the Employer had full knowledge of the Federal Court, third party action as evidenced by exchange of letters between counsel. E.g., Letter dated 10/23/84, Exhibit D-7, Hearing of May 6, 1986. The settlement took place on March 25, 1985 and Claimant's petition for suspension was filed July 3, 1985. If Employer wished to monitor and participate in the third party case settlement, it could have intervened in that case of which it had knowledge. *See Mazzeo v. M. & J. B. McHugh*, 199 Pa.Superior Ct. 400, 185 A.2d 638 (1962).

be maintained rationally that Claimant here engaged in frivolous litigation, or brought frivolous and vexatious appeals when this Claimant in her appeals has been successful in reversing the referee at the Board level and at this level.

We come now to the question as to whether or not the referee's computation of credit weeks, sometimes known as the "grace period," can be sustained, as affirmed by the Board. The referee's Findings, Nos. 8 and 9, by adding to the gross tort recovery of $45,000.00 less assessments of interest, $2,537.63, and attorney's fees of $2,802.50, reached an increased gross recovery of $50,716.42, which, of course, has no basis in fact or law. The effect, however, was to increase the Employer's credit amount and thus extend the "grace period," *Rollins; Dasconio*, as the period during which the Claimant's weekly compensation is reduced by Employer's extended credit.[5]

First of all, we must note that nothing has been reimbursed by Claimant out of the third party recovery on account of back compensation paid by the workmen's compensation insurer, so that it is appropriate to grant a grace period as to future compensation payments which is commensurate with the recovery realized by Claimant. Our calculations indicate that the costs of the subrogation or tort case gross recovery of $45,000.00, $19,857.46 [6], is 44% of the recovery of $45,000.00. As the referee concluded, Employer must pay to Claimant the 44% of each future weekly compensation rate of $199.20, or $87.65 per week. The referee found the lesser figure of $77.08 by erroneous-

---

5. We note that the Board affirmed the referee's figure of $50,716.42 without reducing it by the amount of counsel fees which it had disallowed.

6. Counsel fees amounted to $18,000.00 and costs of the third party litigation amounted to $1,857.46, making the total cost of the recovery $19,857.46. Deducting this latter counsel fee and costs figure from the gross recovery of $45,000.00, we have the net to Claimant of $25,142.54. This latter figure is taken from Exhibit C-1 in the original record, entitled, "Settlement Distribution Sheet", and is slightly less than the referee's figure of $25,376.29. Finding of Fact No. 8.

ly, as we have noted, increasing the gross recovery figure from $45,000.00 to $50,716.42. Because Employer is entitled to a credit from the Subrogation Fund for the $199.20 per week into the future, in return for that benefit, Employer must pay its *pro rata* share of the cost of that benefit, as required by Section 319 of the Act, by weekly payments to the Claimant at the rate of $87.65, during a grace period of 225.39 weeks.

Accordingly, the decision of the referee insofar as it is not consistent with any of the results which we have reached here, must be amended to read that Employer is free from any obligation to pay the weekly compensation, but must pay weekly the cost of that benefit at the rate of $87.65 per week; and barring presently undefined obligations such as possible future medical expenses, the grace period to extend for 225.39 weeks from February 28, 1986, the date when suspension of regular compensation payments was ordered by the referee, after which regular payments must be resumed.

## ORDER

AND NOW, May 24, 1990, the decision of the Workmen's Compensation Appeal Board, as of No. A–94714, dated June 8, 1989, is affirmed in part and reversed in part subject to such modification as is required in order to comply with the foregoing opinion.