580 A.2d 1337

**Donald S. LIGHT, Appellant,**

v.

**GENERAL BATTERY CORPORATION, CT Corporation System and American Casualty Company of Reading C/O CNA Insurance, Appellees.**

Superior Court of Pennsylvania.

Argued April 1, 1986.

Filed Aug. 13, 1990.

Reargument Denied Oct. 19, 1990.

Joseph Lurie, Philadelphia, for appellant.

James M. Marsh, Philadelphia, for appellees.

Before McEWEN, OLSZEWSKI and KELLY, JJ.

OLSZEWSKI, Judge:

■ Donald Light appeals from the trial court's order sustaining appellees' preliminary objections in this action concerning an employer's subrogation rights under Section 319 of the Workmen's Compensation Act. The trial court found as a matter of law that an employer is entitled to subrogation when the employee receives a settlement from a third party, even if there has been no adjudication of the third party's liability and the third party denies liability. We agree with the trial court; accordingly, we affirm.

In January 1981, appellant Donald Light was employed by appellee General Battery Corporation. In the course of his employment, he operated a machine manufactured by Winkle Machine Company. Light caught his hand in this machine; as a result of this accident, Light's right arm was amputated. In accordance with the Workmen's Compensation Act, Light received workmen's compensation from General Battery's carrier, appellee American Casualty Insurance Company.

Subsequently, Light filed a products liability action against Winkle Machine. Winkle Machine settled with Light, but maintained that it was not liable for Light's injuries. General Battery and American Casualty sought to enforce their subrogation rights pursuant to Section 319 of the Workmen's Compensation Act, 77 Pa.C.S.A. § 671. Light then brought this declaratory judgment action to establish that General Battery and American Casualty were not entitled to subrogation.

In his complaint, Light alleged that General Battery was solely responsible for the injury. Employers are subrogated only where the compensable injury is caused in whole or in part by a third party, thus Light concluded that General

Battery and American Casualty were not entitled to subrogation. General Battery and American Casualty filed preliminary objections, asserting that Light failed to state a claim upon which relief may be granted. The trial court sustained the preliminary objections and dismissed the complaint. This appeal followed.

Light argues that his settlement with Winkle Machine was merely an *ex gratia* payment [1] and does not entitle the employer to subrogation. He asserts that the employer must prove Winkle Machine's liability in order to recover. We disagree.

Section 319 of the Workmen's Compensation Act provides, "[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party." The Commonwealth Court has held that a compromise settlement is sufficient to establish an employer's right to subrogation. *Heiser v. Workmen's Compensation Appeal Board (Westmoreland Casualty Co.)*, 95 Pa.Cmwlth. 350, 505 A.2d 1060, 1063 (1986). "[E]ither a 'recovery' or a 'settlement' with a third party will satisfy the causation requirement under Section 319." *Heiser*, 95 Pa.Cmwlth. at 355, 505 A.2d at 1065, quoting the unpublished trial court opinion in *Trumbull v. Paris Linen & Decorating Shops, Inc.*, Phila.County No. 437 July Term 1973.

The *Heiser* case is directly on point. In *Heiser*, the employee was injured in a motor vehicle accident. He received workmen's compensation, then sued the driver of the other vehicle as a third-party tortfeasor. The employee and the third party settled out of court. In the settlement agreement, the third party expressly disclaimed liability. The referee made no factual finding regarding the respec-

1. We note in passing that the size of the settlement in this case casts serious doubt upon Light's assertion that it is an *ex gratia* payment. Under the agreement, Light would receive $200,000 upon settlement; $80,000 in lump sum payments over the next 20 years; and $800 per month from the time of settlement until his death.

tive negligence of the employer and the third party.[2] Nevertheless, the referee concluded that the employer's carrier was entitled to subrogation pursuant to Section 319. The Workmen's Compensation Appeal Board affirmed the referee's decision, and the Commonwealth Court affirmed.

The present case is identical in substance. The employee was injured in a work-related accident. Complaint, paragraph 7. He received workmen's compensation. Complaint, paragraph 10. He sued an alleged third-party tortfeasor. Complaint, paragraphs 11 and 12. The employee and the third party settled the case, expressly disclaiming the third party's liability. Complaint, paragraph 15; settlement agreement, paragraph 5. Thus, the employer is entitled to subrogation.

Other cases have drawn the same conclusion. In *Hill v. Workmen's Compensation Appeal Board (J.D. Judski Assoc.)*, 117 Pa.Cmwlth. 540, 543 A.2d 1279 (1988), the most recent case involving employer subrogation rights in a settlement with a third party, the employee filed two separate third-party law suits. In one of these suits, the employer was found solely liable for the employee's injuries. The other third-party suit was settled. The referee found that the employer was entitled to subrogation, in spite of the fact that a separate action found the employer solely liable. The Commonwealth Court noted that the issue of employer negligence was irrelevant, citing *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983). The court adopted the referee's conclusion of law, that "the funds realized from the third party action are to compensate the Claimant for the injury he sustained in the scope of his employment, and thus, the employer is entitled to subrogation."

**2.** Appellant incorrectly asserts that "in the *Heiser* case it is *admitted* that a third party's vehicle caused the accident." Supp. brief at 1. On the contrary, the third party expressly disclaimed liability, *Heiser,* 95 Pa.Cmwlth. at 352, 505 A.2d at 1062, and the referee found only that the injury occurred "as a result of a vehicular accident with another vehicle." *Heiser,* 95 Pa.Cmwlth. at 352, 505 A.2d at 1061. The referee never found that the third party caused the accident in whole or in part.

The only difference between the present case and the cases above is the procedural posture: *Heiser* and *Hill* were decided after factfinding by referee; the present case was disposed of on preliminary objections to a complaint for declaratory relief. Light argues that this difference is significant. He notes that a preliminary objection in the nature of a demurrer admits all well-pleaded facts. Light asserts that his complaint is sufficient if the trial court accepts as true the assertions that Winkle Machine did not cause the injury (paragraph 18), and that General Battery did cause the injury (paragraph 19). We do not find his argument persuasive.

As we noted above, negligence of the employer is not relevant in a subrogation claim; consequently, paragraph 19 has no impact on the sufficiency of the complaint. Paragraph 18 is not helpful because a demurrer does not admit matters in conflict with exhibits. *Framlau Corp. v. County of Delaware*, 223 Pa.Super. 272, 277, 299 A.2d 335, 338 (1972). Although paragraph 18 is not in conflict with the face of the settlement agreement,[3] it is in conflict with the agreement's legal effect; accordingly, that paragraph is not admitted upon demurrer.

On the facts admitted pursuant to the demurrer, the employer and his carrier would be entitled to subrogation as a matter of law. Accordingly, the trial court properly dismissed this complaint for declaratory judgment.

Cases relied on by appellant are inapposite. In *Traveler's Ins. Co. v. Hartford Accident and Indemnity Co.*, 222 Pa.Super. 546, 294 A.2d 913 (1972) and *Pittsburgh v. Rue*, 38 Pa.Cmwlth. 187, 393 A.2d 1066 (1978), the employers sought to enforce their subrogation rights against the third-party tortfeasors. Here, the employer seeks to enforce its subrogation right against the employee and the fruits of the settlement.

3. In paragraph 5 of the settlement agreement, Winkle Machine disputes the validity of Light's claim.

Light's remaining arguments can be disposed of summarily. Light asserts that the trial court erred in relying on the unpublished trial court opinion in *Trumbull v. Paris Linen & Decorating Shops, Inc.*, Phila.County No. 437 July Term 1973. This unpublished opinion was adopted by the Commonwealth Court in *Heiser v. Workmen's Compensation Appeal Board (Westmoreland Casualty Co.)*, 95 Pa. Cmwlth. 350, 505 A.2d 1060, 1063 (1986), as support for the exact proposition set forth in this opinion; consequently, the trial court committed no error.

Light emphasizes the effect of the 1974 amendments to the Workmen's Compensation Act. Both of the cases that we rely on were decided after these amendments; accordingly, the amendments do not alter our opinion.

Light emphasizes the equitable nature of subrogation. Similar arguments were summarily rejected as meritless in *Hill v. Workmen's Compensation Appeal Board (J.D. Judski Assoc.)*, 117 Pa.Cmwlth. 540, 543 A.2d 1279 (1988).

Light claims that our opinion constitutes a judicial revision of Section 319, eliminating the statutory requirement that the third party cause the harm. We do not eliminate the causation requirement; we merely find that requirement satisfied by the existence of a settlement for the same injury.

Finally, Light asserts that "[t]he Workmen's Compensation Act has given the employer a license to ignore the safety of its employees." Even if that argument were true, it would not affect our decision. If Light disagrees with the statute, then he must present his grievance to the Legislature, not this Court.

Order affirmed.

KELLY, J., files concurring opinion.

KELLY, Judge, concurring:

I agree with the majority's affirmance of the Philadelphia County Common Pleas Court's dismissal of the appellant's petition seeking a declaratory judgment and had I ad-

dressed the merits I would have resolved them in exactly the same manner; however, I do not believe that it was necessary for us to reach the merits as the declaratory judgment action should have been dismissed outright by the trial court. The subrogation issue which is the subject of this declaratory judgment action was already resolved by a workmen's compensation referee and was pending appeal before the Workmen's Compensation Appeal Board (WCAB), when the appellant sought a declaratory determination of the issue in Common Pleas Court.

The appellant brought this declaratory judgment action in a bold attempt to use the Declaratory Judgment Act, 42 Pa.C.S.A. 742, as a means of bypassing both the WCAB and the Commonwealth Court who has eventual appellate jurisdiction over all final orders emanating from state administrative agencies. *See* 42 Pa.C.S.A. 763. The reason for the appellant's attempted avoidance of the WCAB and Commonwealth Court and the respective acknowledged expertise in workmen's compensation matters is the overwhelming amount of Commonwealth Court precedent against the appellant's proposition that an employer is not entitled to subrogation when there is a settlement of a third party claim,[1] as the WCAB is required to use Commonwealth Court precedent in all of its determinations.[2] Because of this fact, the appellant has attempted to use the Declaratory Judgment Act as a tool to avoid the WCAB while at the same time causing a split in appellate authority on the issue of the employer entitlement to subrogation when an injured employee receives a settlement in a third party action.

However, the provisions of the Declaratory Judgment Act preclude a declaratory judgment action in Common Pleas

---

**1.** *See Hill v. Workmen's Compensation Appeal Board (J.D. Judski Assoc.), supra; Swink v. WCAB (Burrell Constr. and Supply),* 97 Pa. Cmwlth. 623, 510 A.2d 860 appeal granted, 515 Pa. 590, 527 A.2d 549 appeal dismissed, 517 Pa. 504, 539 A.2d 348 (1986); *Heiser v. Workmen's Compensation Appeal Board, supra; Reese by Reese v. Workmen's Compensation Appeal Board (Penn Nutrients Inc.),* 95 Pa. Cmwlth. 325, 505 A.2d 405 (1986).

**2.** *Armstrong County v. Workmen's Compensation Appeal Board,* 81 Pa.Cmwlth. 474, 473 A.2d 755 (1984).

Court where the relief sought is within the exclusive jurisdiction of another tribunal. 42 Pa.C.S.A. § 7541(c)(2). As an appeal from an order of the workmen's compensation referee is within the exclusive jurisdiction of the WCAB, 77 Pa.C.S.A. § 853, the trial court should have dismissed this declaratory action outright.

In *Prudential Property & Casualty v. McDaniel,* 342 Pa.Super. 557, 493 A.2d 731 (1985), this Court held that relief by declaratory judgment was not available with respect to a proceeding involving an appeal from an order of a tribunal. We further stated that when an ancillary proceeding can be realized to resolve the issues raised in a declaratory judgment proceeding, the declaratory judgment proceeding should be dismissed. The Commonwealth Court reached the same conclusion in *Myers v. Commonwealth of Pennsylvania, Department of Revenue,* 55 Pa.Cmwlth. 509, 423 A.2d 1101 (1980), where the court held that when a proceeding lies within the exclusive jurisdiction of a state administrative agency, declaratory relief is unavailable under the Declaratory Judgment Act.

A workmen's compensation referee is a "tribunal" within the meaning of the exception to the Declaratory Judgment Act providing that relief shall not be available with respect to proceedings involving an appeal from an order of a tribunal. *See Pennsylvania Assigned Risk Plan v. Grode,* 106 Pa.Cmwlth. 472, 526 A.2d 849 (1987); *Hudson v. Union County,* 50 Pa.Cmwlth. 378, 413 A.2d 1148, appeal dismissed 505 Pa. 604, 482 A.2d 1273 (1980); 42 Pa.C.S.A. § 7541(c)(3). Because the subrogation issue has already been decided by a tribunal in an ancillary proceeding, I would follow *Prudential Property & Casualty v. McDaniel, supra,* and dismiss the declaratory judgment action outright without addressing the merits. I believe the interpretation of the Declaratory Judgment Act as dictated in *Prudential Property & Casualty v. McDaniel, supra* and *Myers v. Commonwealth of Pennsylvania, Department of Revenue, supra* is the correct one as these cases compel the

litigants to follow and exhaust their administrative reme-
dies, rather than use the Declaratory Judgment Act as a
means of bypassing them.

Moreover, the outright dismissal of the appellant's declar-
atory judgment petition would not create any injustice
toward the appellant. A decision as to the merits of the
subrogation issue was already rendered by the workmen's
compensation referee and was pending administrative ap-
peal before the WCAB at the time the appellant sought a
declaratory determination of the appellee's right to subro-
gation, after which the appellant still has full access to an
appeal before the Commonwealth Court.

Finally, a further benefit gained by our following of
*Prudential Property & Casualty v. McDaniel, supra* and
*Myers v. Commonwealth of Pennsylvania, Department of
Revenue, supra,* is the elimination of the possibility of
litigants using the Declaratory Judgment Act as a means of
avoiding the exclusive jurisdiction of Commonwealth Court
over all final orders emanating from state administrative
agency tribunals, by filing for declaratory relief while the
matter is pending before an administrative appeals board,
then using our exclusive jurisdiction under 42 Pa.C.S.A.
§ 742 over all final orders from Common Plea Courts to
effectuate a split in appellate authority on matters which
properly belong before the various state administrative
tribunals over whose final orders appellate jurisdiction rests
in the capable hands of Commonwealth Court.