# Latrobe Area Hospital Inc. v. Lindberg

C.P. of Westmoreland County, no. 6596 of 1995.

*Gerald J. Yanity,* for plaintiff.
*Kenneth B. Burkley,* for defendant.

LOUGHRAN *J.*, July 3, 1997—The defendant, Jean M. Lindberg, sustained a work-related injury in the course and scope of her employment with the plaintiff, Latrobe Area Hospital, on or about November 29, 1993. Lindberg was injured in an automobile accident with a third party, and has been receiving workers' compensation benefits of $416.82 per week pursuant to a notice of compensation payable dated January 2, 1994. In addition, LAH has paid Lindberg's work-related medical expenses, in compliance with the terms of said Act.

Lindberg reached a cash settlement with her uninsured motorists carrier, the Nationwide Insurance Company, in connection with the injuries and damages she sustained as a result of said work-related automobile accident. The policy with Nationwide was paid for by Lindberg, and LAH neither paid any premiums nor reimbursed Lindberg for any premiums paid.

LAH instituted this declaratory judgment action, contending that pursuant to section 319 of the Workers' Compensation Act, LAH is entitled to be subrogated to funds derived from any compromise settlement between the employee and a third party.

The parties have entered into stipulations and submitted this case to the court for decision. The question for this court is, whether the right of subrogation created by section 319 of the Workers' Compensation Act extends to recovery from a party who was not the tort-feasor?

Counsel for both parties agree that there are no Pennsylvania appellate court cases on this issue. There is no doubt that a settlement agreement with a tort-feasor for injuries received during the course of employment in an automobile accident, is subject to subrogation against future workers' compensation benefits. *Heiser*

*v. W.C.A.B. (Westmoreland Casualty Co.),* 95 Pa. Commw. 350, 505 A.2d 1060 (1986). This principle was readopted in section 319 (77 Pa.C.S. §671) of the Workers' Compensation Act which states:

"Where the compensable injury is *caused* in whole or in part *by* the act or omission of a *third party,* the employer shall be *subrogated* to the right of the employee, his personal representative, his estate or his dependents, *against such third party* to the extent of the compensation payable under this article by the employer." (emphasis added)

Accordingly, if Lindberg had recovered from the third-party tort-feasor, there is no question that LAH would be entitled to a subrogation lien. Here, however, Lindberg recovered under her own uninsured motorist policy.

In a case out of Philadelphia County, *Standish v. American Manufacturer's Mutual Insurance Co.,* 33 Phila. 289 (1996), the court reasoned that with all the recent legislative amendments, an employee's recovery is subrogated to the employer under the circumstances and held that this extends to uninsured benefits as there is no reason why an employee should be permitted a double recovery and fare better when injured by an uninsured motorist as opposed to an insured motorist.

Although the *Standish* case seems logical, there is one basic difference in the case herein. The employee has paid for a contractual commitment with an insurance company which is unrelated to and independent of her employment. Should the courts deprive an employee of these benefits merely because an accident occurs within the course of employment for which the employee receives workers' compensation benefits? What if the employee is killed, would life insurance proceeds be subject to subrogation? This court thinks not.

Section 319 as amended clearly provides subrogation against "such third party" referring to the party who "caused" the injury. Here, Nationwide was not the "third party" causing the injury and section 319 only permits subrogation "against such third party." This is the failing of the *Standish* decision. There is no authority by the legislature for subrogation against the employee's own carrier, only against the tort-feasor. There is no recovery here against the tort-feasor. The payment of benefits is as a result of an independent contractual relationship, not associated with employment, and premiums paid solely by the employee.

This court prefers the majority view adopted in other states, that an employer, nor the employer's workers' compensation carrier, does not have the right of subrogation from uninsured motorist coverage available to an employee by reason of a contract paid for by the employee. See *e.g., Knight v. Insurance Co. of North America,* 647 F.2d 127, 128 (10th Cir. 1981); *Travelers Insurance Co. v. National Farmers Union Property & Casualty Co.,* 252 Ark. 624, 627, 480 S.W. 2d 585, 588 (1972); *State Compensation Insurance Fund v. Gulf Insurance Co.,* 628 P.2d 182, 184 (Colo. App. 1981); *State Farm Mutual Insurance Co. v. Fireman's Fund Am. Insurance Co.,* 550 S.W. 2d 554, 557 (Ky. 1977); *Cooper v. Younkin,* 339 N.W.2d 552, 553 (Minn. 1983); *Janzen v. Land O'Lakes Inc.,* 278 N.W.2d 67, 69 (Minn. 1979); *Merchants Mutual Insurance Group v. Orthopedic Professional Association,* 124 N.H. 648, 657-59, 490 A.2d 840, 845-46 (1984); 2A A. Larson, *Workmen's Compensation Law* §71.23(a), at 14-22 (1990).

Accordingly, plaintiff's action for declaratory judgment will be denied.

## ORDER

And now, to wit, July 3, 1997, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the plaintiff's action for declaratory judgment is hereby denied.